UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61018-CIV-DIMITROULEAS/HUNT

HUNTINGTON NATIONAL BANK,

        Plaintiff,

v.

M/Y SOMETHING ABOUT MERI, her engines,
machinery, tackle, apparel, boats, furniture,
equipment, rigging, freights, and all other
necessary appurtenances, etc., in rem, and
STANLEY R. KALISH, in personam,

        Defendant(s).
_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on multiple Motions by the Parties. The Honorable William P. Dimitrouleas, United States District Judge, referred the motions to the undersigned for a Report and Recommendation. *See* 28 U.S.C. § 636(b). Having carefully reviewed the Motions, the Responses, the entire case file, and applicable law, as well as heard argument from the Parties at a June 6, 2025, hearing, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS the Motions be resolved as outlined below.

This is a contentious matter involving the repossession of a boat due to its owner, Stanley Kalish (hereinafter "Dr. Kalish"), being in arrears on his mortgage. The holder of that mortgage, Huntington National Bank (hereinafter "the Bank"), now brings a claim alleging Dr. Kalish is in breach of his loan agreement. Before the Court now are multiple motions from both Parties. The Bank requests this Court to issue a warrant in rem to arrest the boat during the pendency of these proceedings and to allow the appointment

of a substitute custodian.  Dr. Kalish, in a series of motions, alleges serious malfeasance on the part of the Bank and seeks, among other things, to have the Bank's Motions denied, its attorney sanctioned, and the case dismissed.  The Bank, in turn, has requested this Court issue an Order protecting it from what it deems to be harassing and frivolous allegations.  The Motions are now ripe for resolution and are addressed in the order they were filed.

I. The Bank's Motion for a Warrant *in rem* (ECF No. 4).

> Under Rule C of the Supplemental Rules for Admiralty and Maritime Claims, a party may bring an action *in rem* to enforce any maritime lien or if a federal statute provides for such an action. *See* Fed.R.Civ.P. Supp. R. C(1). If the court determines that a prima facie case exists for an *in rem* action, "the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." *Id.* R. C(3)(a)(i).

*Martin v. One Bronze Rod*, 581 F. App'x 744, 747 (11th Cir. 2014).

The Bank has made a prima facie case that it has a valid maritime lean against the vessel.  See ECF No. 1.  Additionally, the District Court previously ordered that, "[u]pon the posting of a $50,000 Security Bond by Plaintiff 1, the Court will enter an order directing the Clerk to issue the requested warrant of arrest of the vessel described as the 92' 2005 Mangusta/Overmarine motor yacht, Official Number 1278223, Hull Identification Number 10, M/Y SOMETHING ABOUT MERI."  ECF No. 7. The undersigned sees no reason to disturb that determination.  As the bond has now been posted, the arrest warrant should be issued.[1]

---

[1] At the hearing, Dr. Kalish requested that he be allowed to enter the boat to retrieve personal items.  The Bank acquiesced to this request but noted that Dr. Kalish should not be allowed to remove anything considered an appurtenance to which its lien might apply.  The undersigned recommends allowing Dr. Kalish, upon proper motion, to be allowed on the boat to retrieve such items.  Prior to this, the parties must agree on a date and time

2

II.     The Bank's Motion for Appointment of Substitute Custodian (ECF No. 10).

The Bank, pursuant to Local Admiralty Rule E(10)(c), moves to appoint G. Robert Toney & Associates Inc. d/b/a National Liquidators ("National Liquidators") as the Substitute Custodian.

"Generally, tangible property subject to arrest is to be 'take[n] into the marshal's possession for safe custody.'" *Beacon Mar., Inc. v. Heavy Lift VB-10,000*, No. CV 1:19-00336-N, 2019 WL 13217332, at *1 (S.D. Ala. July 9, 2019) (quoting Federal Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule E(4)(b)).  "As an alternative to placing a keeper aboard a vessel, under the Marshal's surveillance, the plaintiff may choose to have a substitute custodian appointed." *Donald D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556, 1560 (11th Cir. 1987). "The appointment is conditioned on both the acceptance by the substitute custodian of all responsibility and liability during the appointment and on the moving party's agreement to hold the United States and the Marshal harmless from any claims arising during the substitute custodianship." *Id.*

The Local Admiralty Rules track the Supplemental Rules requirements.  *See* Local Admiralty Rule E(10)(c).  However, the Local Rules explicitly require that "[a]ny motion for the appointment of a substitute custodian or facility shall include as an exhibit to the motion, a consent and indemnification agreement signed by both the filing party, or the filing party's attorney, and the proposed substitute custodian." *Id.*

---

upon which Dr. Kalish would be allowed on the boat and must also agree on an enumerated list of items to be retrieved.

The proposed custodian has submitted an affidavit attesting that he "has liability insurance or assets adequate to respond in damage for loss of or injury to the Vessel during said custody and for damages sustained by third parties due to negligence . . . during said custody." ECF No. 10-1. The affidavit, as well as the proposed order, also evidences an intent to hold the United States and Marshal harmless from claims that accrue over the course of the substitute custodianship. Although the undersigned initially expressed an intent to grant the Bank's Motion, it now appears the filing lacks the required indemnification agreement contemplated by the local rules. Absent a supplemental filing correcting this error, the Motion should be denied.

III. <u>The Bank's Motion for Protective Order and Dr. Kalish's multiple Motions (ECF Nos. 17, 20, 21, 22, 25, 31, 45, 46).</u>

Dr. Kalish has filed numerous motions seeking to prevent the Bank from, in essence, moving this litigation forward.[2] In response, the Bank has moved for the issuance of a protective order to prevent Dr. Kalish and a non-party to the case, Danielle Morron, from continuing to file frivolous and harassing motions. The undersigned addresses the Bank's Motion first, as the resolution of that motion obviates the need to address Dr. Kalish's motions individually.

The Bank argues that Morron, who was allegedly overseeing repairs on the boat prior to its repossession, has used artificial intelligence to generate numerous emails and filings in a harassment campaign against the Bank and its counsel. To the extent that Morron has submitted any filings under her own name, this Court has already found that

---

[2] The undersigned notes Dr. Kalish has filed a parallel action (Case No. 25-61033-CIV-Dimitrouleas/Hunt). In that case, Dr. Kalish filed a Motion for a Temporary Restraining Order, which was heard at the June 6, 2025, hearing. A separate Report and Recommendation will be filed on that Motion in the parallel case.

4

Morron "has not filed a motion to intervene that complies with the relevant requirements," and has previously stricken any such filings.  ECF No. 39.

At this point, the undersigned sees no need to issue the strong medicine of a protective order, particularly as the Court has not forbidden Morron from attempting to become a party to this case.  The undersigned would instead recommend this practice of striking Morron's filings continue until such time as Morron files such an appropriate vehicle to intervene in this matter.  Additionally, the undersigned finds that as of this Report and Recommendation, Morron is not a party to this case, and the Bank is under no obligation to speak with her, answer any motions, or otherwise respond to her inquiries.  However, should Morron improperly persist in her campaign, the Court should revisit the Bank's request for a protective order.

As for the use of artificial intelligence to write pleadings, the undersigned notes that "[w]hile . . . developments [in artificial intelligence] have been impressive, there is a need for education in the legal community to understand errors or 'hallucinations' that may occur in the output of the LLMs powering these platforms."  Hon. Xavier Rodriguez, *Artificial Intelligence (AI) and the Practice of Law*, 24 SEDONA CONF. J. 783, 784 (2023).  "The use of non-existent case citations and fake legal authority generated by artificial intelligence programs has been the topic of many published legal opinions."  *O'Brien v. Flick*, No. 24-61529-CIV-DAMIEN, 2025 WL 242924, at *6 (S.D. Fla. Jan. 10, 2025).  "[T]he Court has inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling."  *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-81140-CIV-MATTHEWMAN, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025).   Continued use of such programs can have serious

consequences, up to and including the dismissal of a case. *See O'Brien*, 2025 WL 242924, at *7.

This Court also cautions that there are potential pitfalls for non-parties who ghostwrite filings for pro se litigants. Indeed, in some states, courts have noted that "if someone not licensed to practice law drafted any portion of Plaintiff's filings, that person could be engaged in the unauthorized practice of law." *Middlebrooks v. City of Macon-Bibb Cnty., Georgia*, No. 5:23-CV-00083-TES, 2024 WL 555884, at *3 (M.D. Ga. Feb. 12, 2024), *aff'd,* No. 24-10705, 2025 WL 753377 (11th Cir. Mar. 10, 2025) (citing Georgia statutes).

In short, there are many reasons why pro se litigants should be careful that anything they sign their name to is their own work product, and not something created by another or generated by artificial intelligence. Although the undersigned declines to find that any such potential malfeasance has occurred in this case, there are nonetheless credible allegations that the pleadings filed thus far are not entirely Defendant's own. Further, the undersigned observes many of Dr. Kalish's motions are difficult to follow and contain overlapping allegations and requests for relief.[3]

"The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are construed liberally. But a court is not tasked with rewriting a deficient pleading, even if brought by a *pro se* party." *Kinney v. Reckenseidler*, No. 3:24CV314/MCR/ZCB, 2024 WL 5264944, at *2 (N.D. Fla. Sept. 24, 2024), *report and recommendation adopted*, No.

---

[3] The undersigned notes that some of Dr. Kalish's Motions, namely Nos. 45 and 46, were filed on the day of the hearing. The undersigned was made aware of these Motions at the hearing and observes that they suffer from the same deficiencies as Dr. Kalish's other filings. The undersigned, therefore, would recommend they be handled in the same manner.

3:24-CV-314/MCR/ZCB, 2024 WL 5264423 (N.D. Fla. Dec. 31, 2024) (cleaned up). Given the circumstances, the undersigned would recommend all of Dr. Kalish's motions be denied without prejudice and that he be allowed to file a single, consolidated motion, written by either legal counsel or Dr. Kalish himself, containing clearly articulated requests for relief along with the circumstances justifying said relief.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS the Bank's Motion for a Warrant *in rem,* ECF No. 4, be GRANTED; and the remaining Motions, ECF Nos. 10, 17, 20, 21, 22, 25, 31, 45, and 46, be DENIED WITHOUT PREJUDICE.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 11th day of June 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record