# COMPOSITE
# EXHIBIT H



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL 32399-2300**

**Joshua E. Doyle**
**Executive Director**

**850/561-5600**
**www.floridabar.org**

June 25, 2025

Mr. Nicholas J. Zeher
303 Banyan Blvd Ste 200
West Palm Beach, FL 33401-4641

Re:   Nicholas J. Zeher; The Florida Bar File No. 2025-50,827(15A)

Dear Mr. Zeher:

Enclosed is a copy of an inquiry/complaint and any supporting documents submitted by the above referenced complainant(s).  Your response to this complaint is required under the provisions of Rule 4-8.4(g), Rules of Professional Conduct of the Rules Regulating The Florida Bar, and is due in our office by **July 10, 2025**.  **Responses should not exceed 25 pages** and may refer to any additional documents or exhibits that are available on request.  Failure to provide a written response to this complaint is in itself a violation of Rule 4-8.4(g).  You may respond by US Mail or email to acapintake@floridabar.org.  **You are further required to furnish the complainant with a complete copy of your written response, including any documents submitted therewith.** you are also required to complete and return the enclosed Certificate of Disclosure form under Rule Regulating The Florida Bar 3-7.1(f).  Please note that Standing Board Policy 5.56(e) provides: "Absent unusual circumstances, bar counsel should not agree to extend deadlines for more than 10 days and should not grant a request for extension without a reasonable factual basis for the request, and should not grant more than 1 extension."

Finally, the filing of the attached complaint does not preclude communication between the lawyer and the complainant(s).  Please review the enclosed Notice for information on submitting your response.

Sincerely,

Carlos A. Leon, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

Enclosures

cc: Ms. Danielle Morron

Pursuant to Rule 3-7.1(f), Rules of Discipline, you must execute the appropriate disclosure paragraph below and return the form to this office by **July 10, 2025**. The rule provides that the nature of the charges be stated in the notice to your firm; however, we suggest that you attach a copy of the complaint.

## CERTIFICATE OF DISCLOSURE

I HEREBY CERTIFY that on this _____ day of _____, 20___, a true copy of the foregoing disclosure was furnished to _____, a member of my present law firm of _____, and, if different, to _____, a member of the law firm of _____, with which I was associated at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2025-50,827(15A).

_____
Nicholas J. Zeher

## CERTIFICATE OF DISCLOSURE
(Corporate/Government Employment)

I HEREBY CERTIFY that on this _____ day of _____, 20___, a true copy of the foregoing disclosure was furnished to _____, my supervisor at _____ (name of agency), with which I was associated at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2025-50,827(15A).

_____
Nicholas J. Zeher

## CERTIFICATE OF NON-LAW FIRM AFFILIATION
(Sole Practitioner)

I HEREBY CERTIFY to The Florida Bar on this _____ day of _____, 20___, that I am not presently affiliated with a law firm and was not affiliated with a law firm at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2025-50,827(15A).

_____
Nicholas J. Zeher

## NOTICE OF GRIEVANCE PROCEDURES

1.      The enclosed letter is an official inquiry by bar counsel.  Your response is required under Rule 4-8.4(g) of the Rules Regulating The Florida Bar. Rule 4-8.4(g)(1) and (2) require that a lawyer submit a written response within 15 days to an initial inquiry and within 10 days to any follow-up inquiry made by bar counsel, the grievance committee or the board of governors during the course of an investigation of the lawyer's conduct.  You may respond by US Mail or email to acapintake@floridabar.org. Please attach your response to the email and reference the file number in the subject line.  If you do not respond, the matter will be forwarded to the grievance committee for disposition in accordance with Rule 3-7.3.  Failure to respond may also be a matter of contempt and processed in accordance with Rule 3-7.11(f).

2.      Many inquiries considered first by staff counsel are not forwarded to a grievance committee, as they do not involve violations of the Rules of Professional Conduct justifying disciplinary action.

3.      Pursuant to Rule 3-7.1, any reports, correspondence, papers, recordings and/or transcripts of hearings submitted by you in this matter shall become accessible to the public upon dismissal or a decision by the grievance committee.  Please advise Bar Counsel if you believe any material provided to The Florida Bar is confidential under applicable law and identify the basis of your claim that the material is confidential. Please note that The Florida Bar is required to acknowledge the status of proceedings during the pendency of an investigation, if a specific inquiry is made and the matter is deemed to be in the public domain.

4.      The grievance committee is the Bar's "grand jury." Proceedings before the grievance committee are non-adversarial in nature. The grievance committee's function and procedures are set forth in Rule 3-7.4.

5.      If the grievance committee finds probable cause, formal adversarial proceedings before the Supreme Court of Florida will be initiated pursuant to Rule 3-7.6. A referee will make a recommendation as to guilt and discipline to The Supreme Court of Florida, unless a plea is submitted pursuant to Rule 3-7.9.



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL 32399-2300**

**Joshua E. Doyle**
**Executive Director**

**850/561-5600**
**www.floridabar.org**

June 25, 2025

Ms. Danielle Morron
3401 SW Sawgrass Villas Drive
Unit 11-C
Palm City, FL 34990

Re:  Nicholas J. Zeher; The Florida Bar File No. 2025-50,827(15A)

Dear Ms. Morron:

Enclosed is a copy of our letter to Mr. Zeher which requires a response to your complaint.

Once you receive Mr. Zeher's response, you have 10 days to file a rebuttal if you so desire. **If you decide to file a rebuttal, you must send a copy to Mr. Zeher.** Rebuttals should not exceed 25 pages and may refer to any additional documents or exhibits that are available on request. Please address any and all correspondence to me. You may respond by US Mail or email to acapintake@floridabar.org.

Please be advised that as an arm of the Supreme Court of Florida, The Florida Bar can investigate allegations of misconduct against attorneys, and where appropriate, request that the attorney be disciplined. The Florida Bar cannot render legal advice nor can The Florida Bar represent individuals or intervene on their behalf in any civil or criminal matter.

Please review the enclosed Notice on mailing instructions for information on submitting your rebuttal.

Sincerely,

Carlos A. Leon, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707


Enclosures

cc:  Mr. Nicholas J. Zeher

## IMPORTANT NOTICE FOR COMPLAINANTS AND RESPONDENT-ATTORNEYS

### MAILING AND EMAILING INSTRUCTIONS

**Materials Received That Do Not Comply With These Instructions May Be Returned Or Not Otherwise Incorporated Into The File**

The Florida Bar converts its disciplinary files to electronic media. All submissions are scanned into an electronic record and hard copies are discarded. To help ensure the timely processing of inquiries/complaints, responses and rebuttals, please review the following instructions prior to providing your submission.

1. Please limit your submission to **no more than 25 pages including exhibits**. If you have additional documents or material available, please reference the documents and/or materials in your written submission as available upon request. Should The Florida Bar need to obtain copies of any such documents and/or materials, a subsequent request will be sent to you.

2. **Please do not bind, staple, tab or index your documents. You may underline but do not highlight documents under any circumstances. Please do not submit materials in color.** When documents are scanned in our disciplinary files, highlighting and color will obscure the underlying text.

3. **Please do not attach media such as audio tapes, thumb/flash drives, CDs, or photographs.** We cannot process any media which cannot be scanned into the electronic record. Do not submit .jpeg, .mpeg, .mp3, or links to online materials including Dropbox.

4. **Please do not submit your original supporting documents.** All documents will be discarded after scanning and we will not be able to return any originals submitted to our office. The only original documents that should be provided to our office are the inquiry/complaint form, response and certificate of disclosure.

5. **Whether you are a complainant or a respondent-attorney, please do not submit confidential or privileged information.** Documents submitted to our office become public record. (Respondent-attorneys may wish to consult Rule 4-1.6 (e) of the Rules Regulating The Florida Bar.) Confidential/privileged information should be redacted. Such information includes, but is not limited to, bank account numbers, social security numbers, credit card account numbers, medical records, dependency matters, termination of parental rights, guardian ad litem records, child abuse records, adoption records, documents containing names of minor children, original birth and death certificates, biometric data such as fingerprints, Baker Act records, grand jury records, and juvenile delinquency records. If information of this nature is important to your submission, please describe the nature of the information and indicate that it is available upon request. Bar counsel will contact you to make appropriate arrangements for the protection of any such information (to the extent permitted by law) as part of the investigation of the complaint.

6. The review of inquiries and complaints is governed by Standing Board Policy 15.75. If the inquiry/complaint is closed by bar counsel, the complainant may request a review of the closure in accordance with the policy.

7. **Please provide your submission only one time. Do not submit duplicates via email, facsimile transmission or by any other means. Do not include these instructions. Respondent-attorneys do not need to include a copy of the complaint.**

Please be aware that materials received that do not meet these instructions may be returned or not otherwise incorporated into the file. Thank you for your consideration in this respect.

 Outlook

---

## Formal Ethics Complaint Against Robert Allen Law – Zeher, Witter, Pulitzer

---

**From** dmo pa <DMoPALLC@outlook.com>

**Date** Fri 6/20/2025 10:22 PM

**To** ACAPIntake <acapintake@floridabar.org>

**Cc** Stanley Kalish <srkalish@bellsouth.net>

📎 1 attachment (2 MB)

FLORIDA BAR COMPLAINT ROBERT ALLEN LAW.pdf;

Dear Florida Bar Intake Counsel,

I am submitting a formal ethics complaint against attorneys Nicholas Zeher, Serena Witter, and Jessie Grace Pulitzer of Miami-based maritime law firm **Robert Allen Law**, based on their collective and knowing receipt of confidential litigation materials submitted on **May 6, 2025**, by me, **Danielle Morron**, on behalf of both myself and my joint venture partner, **Dr. Stanley Kalish**, a 79-year-old full-time practicing podiatric surgeon and the lawful owner of the federally documented vessel *M/Y Something About Meri* (USCG Official No. 1278223).

Following a meaningful 15-minute intake call with Robert Allen Law's receptionist, during which I disclosed highly confidential, sensitive information regarding vessel ownership, Dr. Kalish's elder and employment status, the events surrounding the unlawful seizure, and our intended litigation strategy, I submitted a full draft complaint package under the good-faith belief that the firm was evaluating **plaintiff-side representation**.

Instead, just **15 days later**, Robert Allen Law filed a materially adverse **Verified Complaint on May 21, 2025**, in *Huntington National Bank v. M/Y Something About Meri*, Case No. **0:25-cv-61018-WPD** (S.D. Fla.), using the facts, phrasing, and underlying narrative from my May 6 submission—while carefully omitting the most incriminating elements of the seizure and making no disclosure of their conflict. They filed **against** the very parties whose interests they were entrusted to evaluate.

On **May 23, 2025**, Dr. Kalish, unaware of the betrayal, filed a pro se action in *Kalish v. Huntington Bank*, Case No. **0:25-cv-61033-JMS**, asserting many of the claims Robert Allen Law had quietly attempted to sanitize in its own complaint, filed electronically via ECM by attorney Nicholas Zeher just one day prior. The parallel nature of the complaints—and the precision with which the Robert Allen filing sidesteps the most damning criminal elements from my draft—gives rise to serious and reportable violations of the Florida Rules of Professional Conduct, including but not limited to **Rules 4-1.7 (conflict of interest), 4-1.9 (duties to former prospective clients), 4-1.18 (duties to prospective clients), and 4-8.4(c) (dishonesty, fraud, deceit).**

**Attached are the Florida Bar Complaint form against each of the offending attorneys, a notarized affidavit from me, attesting to the unethical conduct of the offending attorneys, and part of the email attachment which comprised the draft submission sent to the intake counselor at Robert Allen Law May 6, 2025.**

Due to character limitations on the Bar's online portal, the attached version is abridged. I respectfully request that your office reach out via email if you would like to receive:
- The **complete email chain** evidencing the exact May 6 intake and document transmittal;
- A **detailed factual timeline** of events;

- **Photographic and documentary evidence** of the unlawful extrajudicial vessel seizure, which I described in great detail to the intake counselor, and for which I made an initial discovery call seeking Plaintiff representation on behalf of Dr. Kalish;
- Exhibits highlighting how Robert Allen Law reconstructed my confidential submission into an adverse pleading on behalf of HUNTINGTON BANK AND NATIONAL LIQUIDATORS, without ever disclosing a conflict or seeking waiver.

Lastly, I respectfully ask that the Florida Bar investigate **exactly when** Robert Allen Law was retained by Huntington Bank and/or National Liquidators. The law firm's May 22 filing closely followed a well-coordinated vessel seizure that took place **six weeks before** the lawsuit was filed—strongly suggesting a preexisting attorney-client relationship that was intentionally concealed and later **weaponized** against both me and Dr. Kalish.

I stand ready to provide full cooperation, including sworn declarations and documentary exhibits, and urge your office to take immediate action to preserve and subpoena internal communications and metadata of the Robert Allen Law internal servers before any further deletion or spoliation occurs. The offending attorneys have already complained in a June 10 email following filing of pro se suit to Dr. Kalish from Nicholas Zeher about "submitting invoices for the data usage your unsolicited emails have absorbed, and taking immediate actions with the court and seeking the harshest relief permissible by the court if Kalish does not cease and desist bombardment of emails sent to his firm."

Respectfully,

**Danielle Morron**
3401 SW Sawgrass Villas Dr., 11-C
Palm City, FL 34990
Email: dmopallc@outlook.com
Phone: (786) 631-2495

**cc: Stanley R. Kalish**, Pro Se Litigant
7130 Mt. Zion Blvd., Ste 13
Jonesboro, GA 30236
Email: srkalish@bellsouth.net

---

Please note: Florida has very broad public records laws. Many written communications to or from The Florida Bar regarding Bar business may be considered public records, which must be made available to anyone upon request. Your e-mail communications may therefore be subject to public disclosure.

## The Florida Bar
## Inquiry/Complaint Form

### STOP - PLEASE DOWNLOAD THIS FORM TO YOUR COMPUTER <u>BEFORE</u> FILLING IT OUT.

**PART ONE (See Page 1, PART ONE – Complainant Information.):**

Your Name:   Danielle Morron

Organization:

Address:   3401 SW Sawgrass Villas Dr, 11-C

City, State, Zip Code:   Palm City, FL 34990

Phone:   786-631-2495

Email:   dmopallc@outlook.com

ACAP Reference No.:

Does this complaint pertain to a matter currently in litigation?   Yes   X   No

**PART TWO (See Page 1, PART TWO – Attorney Information.):**

Attorney's Name:   Nicholas Zeher        Florida Bar No.   1003565

Address:   1441 Brickell Avenue, Suite 1400

City, State, Zip Code:   Miami, FL 33131

Phone:   305-372-3300

**PART THREE (See Page 1, PART THREE – Facts/Allegations.): The specific thing or things I am complaining about are: (attach additional sheet).**

**PART FOUR (See Page 1, PART FOUR – Witnesses.): The witnesses in support of my allegations are: (attach additional sheet).**

**PART FIVE (See Page 1, PART FIVE – Acknowledge Oath and Signature.):**

[✔]   <u>YOU MUST PLACE YOUR MARK IN THE BOX ACKNOWLEDGING THE OATH AND YOU MUST SIGN YOUR FULL NAME BELOW.</u>

### Under penalties of perjury, I declare that the foregoing facts are true, correct and complete.

Danielle Morron
_____
Print Name

_____
Signature
June 8, 2025
_____
Date

*Having trouble? Download the form and open the document in Adobe Acrobat™.*

**AFFIDAVIT OF DANIELLE MORRON**

STATE OF FLORIDA
COUNTY OF MARTIN

BEFORE ME, the undersigned authority, personally appeared **Danielle Morron**, who, being duly sworn, deposes and states as follows:

**Affiant Information:**
My name is **Danielle Morron**. I reside in **Martin County, Florida**, and am over the age of 18. I am competent to make this affidavit and have personal knowledge of the facts stated herein.

**Initial Contact with Robert Allen Law:**
On **Tuesday, May 6, 2025**, at **12:23 PM EST[Exhibit A to FL Bar Complaint]**, I placed a telephone call to the law firm **Robert Allen Law**, during which I spoke for 15 minutes with a receptionist. I explained that I was acting on behalf of **Dr. Stanley R. Kalish**, my business partner, and elderly vessel co-owner, to seek legal representation in a forthcoming federal lawsuit against **Huntington Bank** concerning the April 8, 2025 extrajudicial seizure and interstate transport from the USVI to Fort Lauderdale, Florida of a USCG-documented vessel, Motor yacht *Something About Meri*, a 2005 Mangusta 92, at which time Huntington Bank's "repossession agents" presented a photocopied First Preferred Ship Mortgage from Radius Bank dated May 7, 2017, an unsigned repossession order from Huntington Bank, and Frank Kups of National Liquidators presenting on a cell phone a USCG Abstract of Title dated April 4, 2025 to DPNR officers, a Federal Abstract of Title contained in the law firms filing, which, on its face, completely lacked any reference on the Vessel's chain of title assigning the First Preferred Ship Mortgage to the Huntington Bank.

Robert Allen Law's client, Huntington Bank, had unlawfully initiated the extrajudicial seizure, in breach of the peace, April 8, at which I was physically present, confronted by a gaggle of adult male goons with state IDs lacking any Federally-issued identification whatsoever, and forcefully removed me from the vessel under threat of arrest by local law enforcement in USVI, who possess no authority over custody disputes of Federally documented vessels, in violation of the Ship Mortgage Act.

**Email Submission of Confidential Litigation Materials:**
During the May 6 call, I was instructed to send the materials, which I sent at **9:34 AM** *Pacific Standard Time*, **12:34 PM EST (My computer email is programmed to Pacific Standard Time) [Exhibit B to FL Bar Complaint]** contained a detailed draft law suit with the exhibits outlining the seizure, references to the specific Federal laws broken, and labelled exhibits including:

1. a complete copy of the stale photocopy of the First Preferred Ship Mortgage presented to me in commerce April 8, 2025 during the seizure [truncated from FL Bar Complaint due to page length limitations, available upon request].

2. my own copy of the USCG Abstract of Title dated February 2025, and

3. a copy of the unsigned repossession order from the Huntington Bank presented to me April 8 during the extrajudicial seizure, to the firm's designated intake email, atomaspoon@robertallenlaw.com.

Immediately after the phone call, at **12:34 PM EST**, I emailed that address a confidential litigation packet. The principal attachment was titled **"Stanley R Kalish v. Huntington Bank and National Liquidators"**. It contained a detailed draft complaint, exhibits, timelines, and privileged information and evidence intended solely for the purpose of obtaining legal representation. The documents clearly described adverse claims against Huntington Bank, with proof.

1. **May 8, 2025 Follow-Up and Internal Acknowledgment:**
   On **May 8, 2025 at 12:40 PM EST**, I placed a second two-minute phone call to Robert Allen Law **[Exhibit D]**. A woman answered the phone and immediately recognized me from our prior conversation. She affirmatively stated that the May 6 email and attachment had been **received and circulated to attorneys within the firm**, and that she would be sending a **follow-up reminder email** encouraging the attorneys to respond to the inquiry.

2. **Subsequent Adverse Filing by the Firm:**
   On **May 23, 2025**, I learned that **attorneys Nicholas Zeher** and **Serena Witter,** of Robert Allen Law, filed a lawsuit on behalf of **Huntington Bank**, styled *Huntington National Bank v. M/Y Something About Meri and Stanley R. Kalish*, Case No. **0:25-cv-61018-WPD**, in the U.S. District Court for the Southern District of Florida. The complaint involved factual allegations and legal claims **substantially similar to and evidently derived from** the materials I submitted on May 6, but lacked any reference to the illegality of the seizure, uncontested facts about the violations of the Ship Mortgage Act, or the evidence proving the illegality of the prior seizure as referenced in the May 6 draft complaint I sent to Robert Allen Law.

3. **Misrepresentation to the Court:**
   On **June 6, 2025**, during a federal court hearing in the same case, **Attorney Jessie Grace Pulitzer** was present as co-counsel, and Serena Witter, who was present as attorney on the filed complaint but not present at the hearing, when **Mr. Zeher told the judge that he had "never seen" the May 6 submission, although he admitted to the court to having some knowledge of its prior submission to the firm.** This representation contradicts the prior statements made by the receptionist that the materials had been received and disseminated to all attorneys internally, and that a follow-up reminder email

had been sent on May 8 to the attorneys of the firm, explicitly reminding them to respond to the prior draft complaint submitted for acceptance or denial based on a conflict of interest known to the law firm, and not known to those soliciting legal counsel in the same matter.

4. **Purpose of This Affidavit**:

I submit this affidavit in support of a **Florida Bar complaint** requesting a formal investigation into:

A. Whether attorneys Nicholas Zeher, Jessie Pulitzer, and Serena Witter of **Robert Allen Law failed to implement an adequate conflict check** when knowingly receiving confidential materials from a prospective client and a Federally documented vessel;

B. Whether **attorney Nicholas Zeher made a knowingly false or materially misleading statement under oath to a federal judge regarding the firm's knowledge of the May 6 submission for consideration of legal representation;**

C. And whether **privileged materials submitted for purposes of retaining legal representation were wrongfully used by Jessie Pulitzer, Serena Witter, Nicholas Zeher, and parapegals@robertallenlaw.com general mailbox to construct a materially adverse lawsuit against Stanley R. Kalish** and *M/Y Something About Meri* in violation of the Florida Rules of Professional Conduct.

5. I am willing to provide the full original May 6 email submission upon request, which is in excess of 25 pages, phone records confirming the May 6 and May 8 conversations, and any further sworn testimony as needed.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: _June 20, 2025_

Martin County, Florida

_(signature)_

Danielle Morron, Affiant

---

**SWORN TO AND SUBSCRIBED** before me this _20_ day of _June_____, 2025, by **Danielle Morron**, who is personally known to me or who produced _FLDL_____ as identification.

_(signature)_

Notary Public
State of Florida
My Commission Expires: _07-17-2028_

**HAILEY O'CONNOR**
Notary Public
State of Florida
Comm# HH572988
Expires 7/17/2028

**Part 4 – Witnesses Who Can Support Florida Bar Inquiry/Complaint Claims**

Due to the covert and prejudicial conduct described, the primary 'witnesses' in support of this complaint are not just people, but the very email trail and law firm systems Robert Allen Law hoped would go unnoticed. The Florida Bar must compel internal production of emails, attachments, and metadata from Robert Allen Law's internal servers. These documents will confirm that litigation materials were solicited and received under the guise of representation—then weaponized without disclosure, waiver, or withdrawal. I respectfully request that the Bar act with the same surprise and force used when National Liquidators unlawfully boarded and seized my vessel. Turnabout is fair play.

1. **Danielle Morron**
   3401 SW Sawgrass Villas Dr., 11-C
   Palm City, FL 34990
   Phone: (786) 631-2495
   Email: dmopallc@outlook.com
   *Role: Affiant and primary witness who submitted confidential materials under an implied representation relationship to Robert Allen Law on May 6, 2025. She has executed a sworn and notarized affidavit attesting to the facts of the disclosure, her status as vessel caretaker, and the timing of the submission.*

2. **Stanley R. Kalish**
   7130 Mt. Zion Blvd., Ste 13
   Jonesboro, GA 30236
   Phone: 770-616-2414 (somewhat hard of hearing)
   Email: SRKalish@bellsouth.net
   *Role: Vessel owner and principal party whose legal interests were prejudiced by Robert Allen Law's conflicted acceptance of confidential litigation material before launching an in rem action against his vessel without prior disclosure or waiver.*

3. **Robert Allen Law Email Server & Internal Case Management System**
   [Subpoena Target: Robert Allen Law Firm]
   1441 Brickell Ave., Suite 1400
   Miami, FL 33131
   Phone: (305) 372-3300
   *Role: Custodian of records and forensic witness. The email server contains metadata and internal communications confirming receipt of the confidential May 6 submission, the timing of its internal circulation, and failure to disclose material conflicts to the submitter before adverse litigation was filed on behalf of Huntington*

*Bank. A digital forensic subpoena is warranted to determine whether internal deletions or metadata alterations were undertaken following the filing.*

4. **Email Chain between Danielle Morron and Robert Allen Law**
   *The complete email correspondence—including the May 6, 2025 submission, follow-up messages, and responses—constitutes a self-authenticating electronic witness to the misrepresentation, concealment of conflict, and breach of ethical duties. Attached as part of the affidavit.*

5. **Frank Kups**
   Agent, National Liquidators
   *Although not an attorney, Kups was personally present for and led the April 8, 2025 extrajudicial vessel seizure, which was allegedly based on documents later incorporated into the Robert Allen complaint. His involvement supports the timeline that Robert Allen Law constructed a factually misleading complaint by incorporating extrajudicial seizure actions already completed when litigation began.*



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL  32399-2300**

**Joshua E. Doyle**
**Executive Director**

**850/561-5600**
**www.floridabar.org**

June 25, 2025

Ms. Jessie Grace Pulitzer
303 Banyan Blvd Ste 200
West Palm Beach, FL 33401-4641

Re:   Jessie Grace Pulitzer; The Florida Bar File No. 2025-50,828(15G)

Dear Ms. Pulitzer:

Enclosed is a copy of an inquiry/complaint and any supporting documents submitted by the above referenced complainant(s).  Your response to this complaint is required under the provisions of Rule 4-8.4(g), Rules of Professional Conduct of the Rules Regulating The Florida Bar, and is due in our office by **July 10, 2025**.  **Responses should not exceed 25 pages** and may refer to any additional documents or exhibits that are available on request.  Failure to provide a written response to this complaint is in itself a violation of Rule 4-8.4(g).  You may respond by US Mail or email to acapintake@floridabar.org.  **You are further required to furnish the complainant with a complete copy of your written response, including any documents submitted therewith.** you are also required to complete and return the enclosed Certificate of Disclosure form under Rule Regulating The Florida Bar 3-7.1(f).  Please note that Standing Board Policy 5.56(e) provides: "Absent unusual circumstances, bar counsel should not agree to extend deadlines for more than 10 days and should not grant a request for extension without a reasonable factual basis for the request, and should not grant more than 1 extension."

Finally, the filing of the attached complaint does not preclude communication between the lawyer and the complainant(s).  Please review the enclosed Notice for information on submitting your response.

Sincerely,

Carlos A. Leon, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

Enclosures

cc: Ms. Danielle Morron

Pursuant to Rule 3-7.1(f), Rules of Discipline, you must execute the appropriate disclosure paragraph below and return the form to this office by **July 10, 2025**.  The rule provides that the nature of the charges be stated in the notice to your firm; however, we suggest that you attach a copy of the complaint.

## CERTIFICATE OF DISCLOSURE

I HEREBY CERTIFY that  on this _____ day of _____, 20___, a true copy of the foregoing disclosure was furnished to _____, a member of my present law firm of _____, and, if different, to _____, a member of the law firm of _____, with which I was associated at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2025-50,828(15G).


_____
Jessie Grace Pulitzer

## CERTIFICATE OF DISCLOSURE
### (Corporate/Government Employment)


I HEREBY CERTIFY that on this _____ day of _____, 20___, a true copy of the foregoing disclosure was furnished to _____, my supervisor at _____ (name of agency), with which I was associated at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2025-50,828(15G).


_____
Jessie Grace Pulitzer

## CERTIFICATE OF NON-LAW FIRM AFFILIATION
### (Sole Practitioner)


I HEREBY CERTIFY to The Florida Bar on this _____ day of _____, 20___, that I am not presently affiliated with a law firm and was not affiliated with a law firm at the time of the act(s) giving rise to the complaint in The Florida Bar File No. 2025-50,828(15G).


_____
Jessie Grace Pulitzer

## NOTICE OF GRIEVANCE PROCEDURES

1.     The enclosed letter is an official inquiry by bar counsel.  Your response is required under Rule 4-8.4(g) of the Rules Regulating The Florida Bar. Rule 4-8.4(g)(1) and (2) require that a lawyer submit a written response within 15 days to an initial inquiry and within 10 days to any follow-up inquiry made by bar counsel, the grievance committee or the board of governors during the course of an investigation of the lawyer's conduct.  You may respond by US Mail or email to acapintake@floridabar.org. Please attach your response to the email and reference the file number in the subject line.  If you do not respond, the matter will be forwarded to the grievance committee for disposition in accordance with Rule 3-7.3.  Failure to respond may also be a matter of contempt and processed in accordance with Rule 3-7.11(f).

2.     Many inquiries considered first by staff counsel are not forwarded to a grievance committee, as they do not involve violations of the Rules of Professional Conduct justifying disciplinary action.

3.     Pursuant to Rule 3-7.1, any reports, correspondence, papers, recordings and/or transcripts of hearings submitted by you in this matter shall become accessible to the public upon dismissal or a decision by the grievance committee.  Please advise Bar Counsel if you believe any material provided to The Florida Bar is confidential under applicable law and identify the basis of your claim that the material is confidential. Please note that The Florida Bar is required to acknowledge the status of proceedings during the pendency of an investigation, if a specific inquiry is made and the matter is deemed to be in the public domain.

4.     The grievance committee is the Bar's "grand jury." Proceedings before the grievance committee are non-adversarial in nature. The grievance committee's function and procedures are set forth in Rule 3-7.4.

5.     If the grievance committee finds probable cause, formal adversarial proceedings before the Supreme Court of Florida will be initiated pursuant to Rule 3-7.6. A referee will make a recommendation as to guilt and discipline to The Supreme Court of Florida, unless a plea is submitted pursuant to Rule 3-7.9.

# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL  32399-2300**

**Joshua E. Doyle**
**Executive Director**

850/561-5600
www.floridabar.org

June 25, 2025

Ms. Danielle Morron
3401 SW Sawgrass Villas Drive
Unit 11-C
Palm City, FL 34990

Re:    Jessie Grace Pulitzer; The Florida Bar File No. 2025-50,828(15G)

Dear Ms. Morron:

Enclosed is a copy of our letter to Ms. Pulitzer which requires a response to your complaint.

Once you receive Ms. Pulitzer's response, you have 10 days to file a rebuttal if you so desire.  **If you decide to file a rebuttal, you must send a copy to Ms. Pulitzer**.  Rebuttals should not exceed 25 pages and may refer to any additional documents or exhibits that are available on request.  Please address any and all correspondence to me.  You may respond by US Mail or email to acapintake@floridabar.org.

Please be advised that as an arm of the Supreme Court of Florida, The Florida Bar can investigate allegations of misconduct against attorneys, and where appropriate, request that the attorney be disciplined.  The Florida Bar cannot render legal advice nor can The Florida Bar represent individuals or intervene on their behalf in any civil or criminal matter.

Please review the enclosed Notice on mailing instructions for information on submitting your rebuttal.

Sincerely,

Carlos A. Leon, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

Enclosures

cc:    Ms. Jessie Grace Pulitzer

## IMPORTANT NOTICE FOR COMPLAINANTS AND RESPONDENT-ATTORNEYS

### MAILING AND EMAILING INSTRUCTIONS

**Materials Received That Do Not Comply With These Instructions May Be Returned Or Not Otherwise Incorporated Into The File**

The Florida Bar converts its disciplinary files to electronic media. All submissions are scanned into an electronic record and hard copies are discarded. To help ensure the timely processing of inquiries/complaints, responses and rebuttals, please review the following instructions prior to providing your submission.

1. Please limit your submission to **no more than 25 pages including exhibits**. If you have additional documents or material available, please reference the documents and/or materials in your written submission as available upon request. Should The Florida Bar need to obtain copies of any such documents and/or materials, a subsequent request will be sent to you.

2. **Please do not bind, staple, tab or index your documents. You may underline but do not highlight documents under any circumstances. Please do not submit materials in color.** When documents are scanned in our disciplinary files, highlighting and color will obscure the underlying text.

3. **Please do not attach media such as audio tapes, thumb/flash drives, CDs, or photographs.** We cannot process any media which cannot be scanned into the electronic record. Do not submit .jpeg, .mpeg, .mp3, or links to online materials including Dropbox.

4. **Please do not submit your original supporting documents.** All documents will be discarded after scanning and we will not be able to return any originals submitted to our office. The only original documents that should be provided to our office are the inquiry/complaint form, response and certificate of disclosure.

5. **Whether you are a complainant or a respondent-attorney, please do not submit confidential or privileged information.** Documents submitted to our office become public record. (Respondent-attorneys may wish to consult Rule 4-1.6 (e) of the Rules Regulating The Florida Bar.) Confidential/privileged information should be redacted. Such information includes, but is not limited to, bank account numbers, social security numbers, credit card account numbers, medical records, dependency matters, termination of parental rights, guardian ad litem records, child abuse records, adoption records, documents containing names of minor children, original birth and death certificates, biometric data such as fingerprints, Baker Act records, grand jury records, and juvenile delinquency records. If information of this nature is important to your submission, please describe the nature of the information and indicate that it is available upon request. Bar counsel will contact you to make appropriate arrangements for the protection of any such information (to the extent permitted by law) as part of the investigation of the complaint.

6. The review of inquiries and complaints is governed by Standing Board Policy 15.75. If the inquiry/complaint is closed by bar counsel, the complainant may request a review of the closure in accordance with the policy.

7. **Please provide your submission only one time. Do not submit duplicates via email, facsimile transmission or by any other means. Do not include these instructions. Respondent-attorneys do not need to include a copy of the complaint.**

Please be aware that materials received that do not meet these instructions may be returned or not otherwise incorporated into the file. Thank you for your consideration in this respect.

6/23/25, 3:31 PM                    Formal Ethics Complaint Against Robert Allen Law – Zeher, Witter, Pulitzer - ACAPIntake - Outlook

 **Outlook**

---

## Formal Ethics Complaint Against Robert Allen Law – Zeher, Witter, Pulitzer

---

From dmo pa <DMoPALLC@outlook.com>
Date Fri 6/20/2025 10:22 PM
To   ACAPIntake <acapintake@floridabar.org>
Cc   Stanley Kalish <srkalish@bellsouth.net>

📎 1 attachment (2 MB)
FLORIDA BAR COMPLAINT ROBERT ALLEN LAW.pdf;

Dear Florida Bar Intake Counsel,

I am submitting a formal ethics complaint against attorneys Nicholas Zeher, Serena Witter, and Jessie Grace Pulitzer of Miami-based maritime law firm **Robert Allen Law**, based on their collective and knowing receipt of confidential litigation materials submitted on **May 6, 2025**, by me, **Danielle Morron**, on behalf of both myself and my joint venture partner, **Dr. Stanley Kalish**, a 79-year-old full-time practicing podiatric surgeon and the lawful owner of the federally documented vessel *M/Y Something About Meri* (USCG Official No. 1278223).

Following a meaningful 15-minute intake call with Robert Allen Law's receptionist, during which I disclosed highly confidential, sensitive information regarding vessel ownership, Dr. Kalish's elder and employment status, the events surrounding the unlawful seizure, and our intended litigation strategy, I submitted a full draft complaint package under the good-faith belief that the firm was evaluating **plaintiff-side representation**.

Instead, just **15 days later**, Robert Allen Law filed a materially adverse **Verified Complaint on May 21, 2025**, in *Huntington National Bank v. M/Y Something About Meri*, Case No. **0:25-cv-61018-WPD** (S.D. Fla.), using the facts, phrasing, and underlying narrative from my May 6 submission—while carefully omitting the most incriminating elements of the seizure and making no disclosure of their conflict. They filed **against** the very parties whose interests they were entrusted to evaluate.

On **May 23, 2025**, Dr. Kalish, unaware of the betrayal, filed a pro se action in *Kalish v. Huntington Bank*, Case No. **0:25-cv-61033-JMS**, asserting many of the claims Robert Allen Law had quietly attempted to sanitize in its own complaint, filed electronically via ECM by attorney Nicholas Zeher just one day prior. The parallel nature of the complaints—and the precision with which the Robert Allen filing sidesteps the most damning criminal elements from my draft—gives rise to serious and reportable violations of the Florida Rules of Professional Conduct, including but not limited to **Rules 4-1.7 (conflict of interest), 4-1.9 (duties to former prospective clients), 4-1.18 (duties to prospective clients), and 4-8.4(c) (dishonesty, fraud, deceit).**

**Attached are the Florida Bar Complaint form against each of the offending attorneys, a notarized affidavit from me, attesting to the unethical conduct of the offending attorneys, and part of the email attachment which comprised the draft submission sent to the intake counselor at Robert Allen Law May 6, 2025.**

Due to character limitations on the Bar's online portal, the attached version is abridged. I respectfully request that your office reach out via email if you would like to receive:
- The **complete email chain** evidencing the exact May 6 intake and document transmittal;
- A **detailed factual timeline** of events;

about:blank                                                                                                      1/2

- **Photographic and documentary evidence** of the unlawful extrajudicial vessel seizure, which I described in great detail to the intake counselor, and for which I made an initial discovery call seeking Plaintiff representation on behalf of Dr. Kalish;
- Exhibits highlighting how Robert Allen Law reconstructed my confidential submission into an adverse pleading on behalf of HUNTINGTON BANK AND NATIONAL LIQUIDATORS, without ever disclosing a conflict or seeking waiver.

Lastly, I respectfully ask that the Florida Bar investigate **exactly when** Robert Allen Law was retained by Huntington Bank and/or National Liquidators. The law firm's May 22 filing closely followed a well-coordinated vessel seizure that took place **six weeks before** the lawsuit was filed—strongly suggesting a preexisting attorney-client relationship that was intentionally concealed and later **weaponized** against both me and Dr. Kalish.

I stand ready to provide full cooperation, including sworn declarations and documentary exhibits, and urge your office to take immediate action to preserve and subpoena internal communications and metadata of the Robert Allen Law internal servers before any further deletion or spoliation occurs. The offending attorneys have already complained in a June 10 email following filing of pro se suit to Dr. Kalish from Nicholas Zeher about "submitting invoices for the data usage your unsolicited emails have absorbed, and taking immediate actions with the court and seeking the harshest relief permissible by the court if Kalish does not cease and desist bombardment of emails sent to his firm."

Respectfully,

**Danielle Morron**
3401 SW Sawgrass Villas Dr., 11-C
Palm City, FL 34990
Email: dmopallc@outlook.com
Phone: (786) 631-2495

**cc: Stanley R. Kalish**, Pro Se Litigant
7130 Mt. Zion Blvd., Ste 13
Jonesboro, GA 30236
Email: srkalish@bellsouth.net

---

Please note: Florida has very broad public records laws. Many written communications to or from The Florida Bar regarding Bar business may be considered public records, which must be made available to anyone upon request. Your e-mail communications may therefore be subject to public disclosure.

## The Florida Bar
## Inquiry/Complaint Form

**STOP - PLEASE DOWNLOAD THIS FORM TO YOUR COMPUTER <u>BEFORE</u> FILLING IT OUT.**

**PART ONE (See Page 1, PART ONE – Complainant Information.):**

Your Name:   Danielle Morron

Organization:

Address:   3401 SW Sawgrass Villas Dr, 11-C

City, State, Zip Code:   Palm City, FL 34990

Phone:   786-631-2495

Email:   dmopallc@outlook.com

ACAP Reference No.:

Does this complaint pertain to a matter currently in litigation?     Yes   X          No

**PART TWO (See Page 1, PART TWO – Attorney Information.):**

Attorney's Name:   Jessie Grace Pulitzer          Florida Bar No.   106596

Address:   249 Royal Palm Way, Ste 301

City, State, Zip Code:   Palm Beach, FL 33480-4333

Phone:   305-372-3300

**PART THREE (See Page 1, PART THREE – Facts/Allegations.): The specific thing or things I am complaining about are: (attach additional sheet).**

**PART FOUR (See Page 1, PART FOUR – Witnesses.): The witnesses in support of my allegations are: (attach additional sheet).**

**PART FIVE (See Page 1, PART FIVE – Acknowledge Oath and Signature.):**

[✔]   <u>YOU MUST PLACE YOUR MARK IN THE BOX ACKNOWLEDGING THE OATH AND YOU MUST SIGN YOUR FULL NAME BELOW.</u>

**Under penalties of perjury, I declare that the foregoing facts are true, correct and complete.**

Danielle Morron
Print Name

Signature

June 8, 2025
Date

*\*Having trouble? Download the form and open the document in Adobe Acrobat™.*

**AFFIDAVIT OF DANIELLE MORRON**

STATE OF FLORIDA
COUNTY OF MARTIN

BEFORE ME, the undersigned authority, personally appeared **Danielle Morron**, who, being duly sworn, deposes and states as follows:

**Affiant Information:**

My name is **Danielle Morron**. I reside in **Martin County, Florida**, and am over the age of 18. I am competent to make this affidavit and have personal knowledge of the facts stated herein.

**Initial Contact with Robert Allen Law:**

On **Tuesday, May 6, 2025,** at **12:23 PM EST [Exhibit A to FL Bar Complaint]**, I placed a telephone call to the law firm **Robert Allen Law**, during which I spoke for 15 minutes with a receptionist. I explained that I was acting on behalf of **Dr. Stanley R. Kalish**, my business partner, and elderly vessel co-owner, to seek legal representation in a forthcoming federal lawsuit against **Huntington Bank** concerning the April 8, 2025 extrajudicial seizure and interstate transport from the USVI to Fort Lauderdale, Florida of a USCG-documented vessel, Motor yacht *Something About Meri,* a 2005 Mangusta 92, at which time Huntington Bank's "repossession agents" presented a photocopied First Preferred Ship Mortgage from Radius Bank dated May 7, 2017, an unsigned repossession order from Huntington Bank, and Frank Kups of National Liquidators presenting on a cell phone a USCG Abstract of Title dated April 4, 2025 to DPNR officers, a Federal Abstract of Title contained in the law firms filing, which, on its face, completely lacked any reference on the Vessel's chain of title assigning the First Preferred Ship Mortgage to the Huntington Bank.

Robert Allen Law's client, Huntington Bank, had unlawfully initiated the extrajudicial seizure, in breach of the peace, April 8, at which I was physically present, confronted by a gaggle of adult male goons with state IDs lacking any Federally-issued identification whatsoever, and forcefully removed me from the vessel under threat of arrest by local law enforcement in USVI, who possess no authority over custody disputes of Federally documented vessels, in violation of the Ship Mortgage Act.

**Email Submission of Confidential Litigation Materials:**

During the May 6 call, I was instructed to send the materials, which I sent at **9:34 AM** *Pacific Standard Time,* **12:34 PM EST (My computer email is programmed to Pacific Standard Time) [Exhibit B to FL Bar Complaint]** contained a detailed draft law suit with the exhibits outlining the seizure, references to the specific Federal laws broken, and labelled exhibits including:

1. a complete copy of the stale photocopy of the First Preferred Ship Mortgage presented to me in commerce April 8, 2025 during the seizure [truncated from FL Bar Complaint due to page length limitations, available upon request].

2. my own copy of the USCG Abstract of Title dated February 2025, and

3. a copy of the unsigned repossession order from the Huntington Bank presented to me April 8 during the extrajudicial seizure, to the firm's designated intake email, atomaspoon@robertallenlaw.com.

Immediately after the phone call, at **12:34 PM EST**, I emailed that address a confidential litigation packet. The principal attachment was titled **"Stanley R Kalish v. Huntington Bank and National Liquidators"**. It contained a detailed draft complaint, exhibits, timelines, and privileged information and evidence intended solely for the purpose of obtaining legal representation. The documents clearly described adverse claims against Huntington Bank, with proof.

1.  **May 8, 2025 Follow-Up and Internal Acknowledgment:**
    On May 8, 2025 at 12:40 PM EST, I placed a second two-minute phone call to Robert Allen Law **[Exhibit D]**. A woman answered the phone and immediately recognized me from our prior conversation. She affirmatively stated that the May 6 email and attachment had been **received and circulated to attorneys within the firm**, and that she would be sending a **follow-up reminder email** encouraging the attorneys to respond to the inquiry.

2.  **Subsequent Adverse Filing by the Firm:**
    On **May 23, 2025**, I learned that **attorneys Nicholas Zeher** and **Serena Witter**, of Robert Allen Law, filed a lawsuit on behalf of **Huntington Bank**, styled *Huntington National Bank v. M/Y Something About Meri and Stanley R. Kalish*, Case No. **0:25-cv-61018-WPD**, in the U.S. District Court for the Southern District of Florida. The complaint involved factual allegations and legal claims **substantially similar to and evidently derived from** the materials I submitted on May 6, but lacked any reference to the illegality of the seizure, uncontested facts about the violations of the Ship Mortgage Act, or the evidence proving the illegality of the prior seizure as referenced in the May 6 draft complaint I sent to Robert Allen Law.

3.  **Misrepresentation to the Court:**
    On **June 6, 2025**, during a federal court hearing in the same case, **Attorney Jessie Grace Pulitzer** was present as co-counsel, and Serena Witter, who was present as attorney on the filed complaint but not present at the hearing, when **Mr. Zeher told the judge that he had "never seen" the May 6 submission, although he admitted to the court to having some knowledge of its prior submission to the firm**. This representation contradicts the prior statements made by the receptionist that the materials had been received and disseminated to all attorneys internally, and that a follow-up reminder email

had been sent on May 8 to the attorneys of the firm, explicitly reminding them to respond to the prior draft complaint submitted for acceptance or denial based on a conflict of interest known to the law firm, and not known to those soliciting legal counsel in the same matter.

4. **Purpose of This Affidavit:**
   I submit this affidavit in support of a **Florida Bar complaint** requesting a formal investigation into:

   A. Whether attorneys Nicholas Zeher, Jessie Pulitzer, and Serena Witter of **Robert Allen Law failed to implement an adequate conflict check** when knowingly receiving confidential materials from a prospective client and a Federally documented vessel;

   B. Whether **attorney Nicholas Zeher made a knowingly false or materially misleading statement under oath to a federal judge regarding the firm's knowledge of the May 6 submission for consideration of legal representation;**

   C. And whether **privileged materials submitted for purposes of retaining legal representation were wrongfully used by Jessie Pulitzer, Serena Witter, Nicholas Zeher, and** paralegals@robertallenlaw.com **general mailbox to construct a materially adverse lawsuit against Stanley R. Kalish** and *M/Y Something About Meri* in violation of the Florida Rules of Professional Conduct.

5. I am willing to provide the full original May 6 email submission upon request, which is in excess of 25 pages, phone records confirming the May 6 and May 8 conversations, and any further sworn testimony as needed.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: June 20, 2025
Martin County, Florida

Danielle Morron, Affiant

---

**SWORN TO AND SUBSCRIBED** before me this 20 day of June, 2025, by **Danielle Morron**, who is personally known to me or who produced FLDL as identification.

Notary Public
State of Florida
My Commission Expires: 07-17-2028

HAILEY O'CONNOR
Notary Public
State of Florida
Comm# HH572988
Expires 7/17/2028

**Part 4 – Witnesses Who Can Support Florida Bar Inquiry/Complaint Claims**

Due to the covert and prejudicial conduct described, the primary 'witnesses' in support of this complaint are not just people, but the very email trail and law firm systems Robert Allen Law hoped would go unnoticed. The Florida Bar must compel internal production of emails, attachments, and metadata from Robert Allen Law's internal servers. These documents will confirm that litigation materials were solicited and received under the guise of representation—then weaponized without disclosure, waiver, or withdrawal. I respectfully request that the Bar act with the same surprise and force used when National Liquidators unlawfully boarded and seized my vessel. Turnabout is fair play.

1. **Danielle Morron**
   3401 SW Sawgrass Villas Dr., 11-C
   Palm City, FL 34990
   Phone: (786) 631-2495
   Email: dmopallc@outlook.com
   *Role: Affiant and primary witness who submitted confidential materials under an implied representation relationship to Robert Allen Law on May 6, 2025. She has executed a sworn and notarized affidavit attesting to the facts of the disclosure, her status as vessel caretaker, and the timing of the submission.*

2. **Stanley R. Kalish**
   7130 Mt. Zion Blvd., Ste 13
   Jonesboro, GA 30236
   Phone: 770-616-2414 (somewhat hard of hearing)
   Email: SRKalish@bellsouth.net
   *Role: Vessel owner and principal party whose legal interests were prejudiced by Robert Allen Law's conflicted acceptance of confidential litigation material before launching an in rem action against his vessel without prior disclosure or waiver.*

3. **Robert Allen Law Email Server & Internal Case Management System**
   [Subpoena Target: Robert Allen Law Firm]
   1441 Brickell Ave., Suite 1400
   Miami, FL 33131
   Phone: (305) 372-3300
   *Role: Custodian of records and forensic witness. The email server contains metadata and internal communications confirming receipt of the confidential May 6 submission, the timing of its internal circulation, and failure to disclose material conflicts to the submitter before adverse litigation was filed on behalf of Huntington*

*Bank. A digital forensic subpoena is warranted to determine whether internal deletions or metadata alterations were undertaken following the filing.*

4. **Email Chain between Danielle Morron and Robert Allen Law**
   *The complete email correspondence—including the May 6, 2025 submission, follow-up messages, and responses—constitutes a self-authenticating electronic witness to the misrepresentation, concealment of conflict, and breach of ethical duties. Attached as part of the affidavit.*

5. **Frank Kups**
   Agent, National Liquidators
   *Although not an attorney, Kups was personally present for and led the April 8, 2025 extrajudicial vessel seizure, which was allegedly based on documents later incorporated into the Robert Allen complaint. His involvement supports the timeline that Robert Allen Law constructed a factually misleading complaint by incorporating extrajudicial seizure actions already completed when litigation began.*

# EXHIBIT A

TO MORRON'S BAR COMPLAINTS AGAINST
ZEHER, PULITZER, WITTER



**10:10**

‹       Edit

**Robert Allen Law**

message    call    video    mail    pay

May 6, 2025

12:23 PM  **Outgoing Call**
      15 minutes

 **Contact Photo & Poster**

phone RECENT

(305) 372-3300

Notes

Send Message

 Favorites     Recents     Contacts     Keypad     Voicemail 200

# EXHIBIT B

TO MORRON'S BAR COMPLAINTS AGAINST ZEHER, PULITZER, WITTER

**DMoPALLC@outlook.com**

| | |
|---|---|
| **From:** | dmo pa <DMoPALLC@outlook.com> |
| **Sent:** | Tuesday, May 6, 2025 9:34 AM |
| **To:** | atomaspoon@robertallenlaw.com |
| **Attachments:** | STANLEY R KALISH vs. HUNTINGTON BANK AND NATIONAL LIQUIDATORS.pdf |

Thank you.

Danielle Morron
786-631-2495

Get Outlook for iOS

# EXHIBIT C

TO MORRON'S BAR COMPLAINTS AGAINST ZEHER, PULITZER, WITTER



**10:11**

Robert Allen Law

message   call   video   mail   pay

May 8, 2025

12:40 PM   **Outgoing Call**
2 minutes

 **Contact Photo & Poster**

phone RECENT
(305) 372-3300

Notes

Send Message

 Favorites    **Recents**    Contacts    Keypad    Voicemail

# EXHIBIT D

TO MORRON'S BAR COMPLAINTS AGAINST ZEHER,
PULITZER, WITTER

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2025, I served a true and correct copy of the foregoing ["Verified Complaint for Damages and Injunctive Relief," "Emergency Motion for Temporary Restraining Order and Supporting Certificate of Emergency,"] by email, and following by mail, upon the following Defendants:

1. Huntington Bank, N.A.

   c/o Robyn Twinam  -  robyn.twinam@huntington.com
   Corporation Service Company (Registered Agent)
   1201 Hays Street
   Tallahassee, FL 32301

2. National Liquidators
   c/o Frank Krups – fkups@natliquidators.com
   1915 SW 21st Avenue
   Fort Lauderdale, FL 33312

Executed this 28th day of April, 2025, at Atlanta, Georgia.

---

By: Stanley R. Kalish
6911 Tara Blvd. Ste 101
Jonesboro, GA 30236
770-616-2414
SRKalish@bellsouth.net

NOTICE OF FEDERAL DISTRICT COURT FILINGS IN RE STANLEY R. KALISH vs. HUNTINGTON BANK AND NATIONAL LIQUIDATORS

I.  SUMMONS IN A CIVIL ACTION – THE HUNTINGTON BANK
II.  CIVIL COVER SHEET
III.  PROPOSED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
IV.  AFFIDAVIT OF STANLEY KALISH IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
V.  [PROPOSED] TEMPORARY RESTRAINING ORDER
VI.  AFFIDAVIT OF STANLEY KALISH IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
VII.  COMPLAINT
VIII.  PLAINTIFF'S SHORT MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
IX.  VERIFIED COMPLAINT
X.  CERTIFICATE OF EMERGENCY
XI.  NOTICE OF FILING EXHIBITS
XII.  EXHIBIT A – FEDERALLY DOCUMENTED VESSEL DOCUMENTATION FOR SOMETHING ABOUT MERI
XIII.  EXHIBIT B - DEFENDANT'S ALLEGED AUTHORITY ASSERTED TO TAKE POSESSION OF THE FEDERALLY DOCUMENTED VESSEL WITHOUT PROPER JUDICIAL PROCESS.
XIV.  EXHIBIT C – ABSTRACT OF TITLE FOR USCG DOCUMENTED VESSEL 1278223 SHOWING STANLEY R KALISH AS REGISTERED OWNER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

**STANLEY KALISH,**
Plaintiff,
v.
**HUNTINGTON NATIONAL BANK,**
Defendant.

_____/

**SUMMONS IN A CIVIL ACTION**

**To:**
**Huntington National Bank**
c/o
**C-T CORPORATION SYSTEM**
**1200 South Pine Island Road**
**Plantation, FL 33324**
**A lawsuit has been filed against you.**

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

The answer or motion must be served on the plaintiff or plaintiff's attorney, **preferably by email,** whose name and address are:

Stanley Kalish, Plaintiff
6911 Tara Blvd., Ste 101
Jonesboro, GA 30236
707-616-2414
SRKalish@bellsouth.net

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CIVIL COVER SHEET**

---

**I. (a) Plaintiff(s):**
Stanley Kalish

**(b) Defendant(s):**
Huntington National Bank, National Liquidators

**(c) Parties:**

**Stanley Kalish**
**6911 Tara Blvd, ste 101**
**Jonesboro, GA 30236**
**770-616-2414**
**SRKalish@bellsouth.net**

---

**II. Basis of Jurisdiction:**
(X) 3 Federal Question (U.S. Government not a party)

---

**III. Citizenship of Principal Parties:**
(Plaintiff and Defendant are from different states — not the main basis here since it's federal maritime jurisdiction.)

---

**IV. Nature of Suit:**
(X) 120 Marine

---

**V. Origin:**
(X) 1 Original Proceeding

---

**VI. Cause of Action:**

Wrongful repossession of federally documented vessel in violation of the Ship Mortgage Act, 46 U.S.C. § 31301 et seq., and maritime conversion.

**VII. Requested in Complaint:**

(X) Monetary Relief

(X) Jury Demand: Yes

**VIII. Related Cases:**

( ) None

**PROPOSED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, Stanley R. Kalish, moves for an Emergency Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65, and states:

## I. INTRODUCTION

**Emergency Nature of Motion:**
Plaintiff respectfully submits that emergency relief is necessary because Defendant Huntington Bank, N.A. has unlawfully seized Plaintiff's vessel, M/Y *Something About Meri*, without judicial process, without prior notice, and in violation of applicable maritime law. Immediate injunctive relief is required to prevent irreparable harm to Plaintiff's property rights, potential damage or dissipation of the vessel, and to preserve the status quo pending a full hearing. Without Court intervention, Plaintiff faces the imminent and continuing loss of a unique maritime asset critical to personal and/or commercial interests. Given the urgent and irreparable nature of the harm, Plaintiff requests expedited consideration of this Motion.

Plaintiff respectfully submits that emergency relief is necessary because Defendants Huntington Bank, Robyn Twinam, Frank Krups, and Craig S. Moore, in concert with unqualified handlers to maintain the value of the vessel, unlawfully seized Plaintiff's vessel, M/Y *Something About Meri*, in the U.S. Virgin Islands without judicial process or notice, in violation of applicable maritime law, and transported it to 3001 W State Road 84, Fort Lauderdale, in Broward County, Florida. Immediate injunctive relief is required to prevent further concealment, sale, or damage of the vessel, and to preserve Plaintiff's property rights.

## II. FACTS

1. On or about April 8, Defendant, without obtaining a court order, and without filing a judicial foreclosure action, breached the peace, located the vessel from Instagram, and broke in the vessel without a court order. Three grown men claiming to be from

the bank saw the inhabiting individual fully unclothed inside the vessel which they unlawfully entered, made verbal and physical threats for the inhabitant to exit the vessel immediately or be in violation of the law, and made threats including calling DPNR, and including threats of arrest by DPNR after DPNR was called. I, Stanley Kalish, spoke to the DPNR officer directly on the phone while this was occurring, and told them the person on board had full permission to be on the USCG Federally documented vessel, and the men, including Frank Krups, Craig Moore, Joseph A Gumbs, two officers from the DPNR police force, and VI Marine Towing and Salvage, needed to return with a properly signed warrant by a judge, yet they continued to threaten the sole female inhabitant with arrest, cajoled her out of the vessel by giving her the option of either buying her a luxury hotel or a stay in jail, forced the inhabitant plus only one suitcase of her personal belongings off the vessel, locked up the vessel with lock and chain, and abandoned the vessel at anchor. The next day, the towing company returned and cut the sand anchor which was mooring the boat, illegally seized possession of M/Y *Something About Meri* from Cas Cay, US Virgin Islands, and relocated it to Yacht Haven Grande St Thomas, where several eye-witnesses at the marina witnessed the unusually small towing boats from VI Salvage Marine and Towing losing steering control of the situation in tight areas controlling the yacht and smashing the tip of the hull of the 92-foot vessel into the cement dockage at Yacht Haven, and then proceeded to horizontally scrape the starboard side of the vessel's specialty black paint job that costs no less than $120,000 and four months in the shipyard to repair, against the cement dock. Eye witnesses also report observing VI Marine Salvage and Towing causing a collision between the shipping vessel and M/Y Something About Meri turning it around to load the ship to ship to Florida, a jurisdiction relocation which was, again, without a signed court order.

2. Defendant's actions were taken without prior notice to me, without judicial process, and in violation of the Ship Mortgage Act and applicable maritime and contractual law.

3. As a result of Defendant's unlawful seizure, I have suffered and will continue to suffer irreparable harm, including the loss of the use and control of my vessel, and significant damage to the vessel's condition and value.

4.  Monetary damages are insufficient to compensate for the unique nature and use of the vessel.

5.  Immediate injunctive relief is necessary to prevent further irreparable harm.

## III. ARGUMENT

**A. Plaintiff Has a Substantial Likelihood of Success on the Merits.**
Defendants repossessed a United States Coast Guard documented vessel without judicial foreclosure proceedings as required under the Ship Mortgage Act, 46 U.S.C. § 31325(b). Federal law preempts any self-help remedies in this context. Plaintiff is therefore likely to prevail on his claims for wrongful repossession, conversion, and conspiracy.

**B. Plaintiff Faces Irreparable Harm.**
The unlawful seizure and concealment of a unique maritime asset constitutes irreparable harm that cannot be adequately compensated with monetary damages alone. *See* **Miller v. City of Ithaca**, 775 F. Supp. 2d 395, 405 (N.D.N.Y. 2011).

**C. The Balance of Hardships Favors Plaintiff.**
Without injunctive relief, Plaintiff risks permanent loss of his vessel, while Defendants face only a temporary preservation of the status quo.

**D. Injunctive Relief Serves the Public Interest.**
Public policy favors upholding due process and preventing unlawful seizures, especially of federally regulated maritime property.

## IV. RELIEF REQUESTED

Plaintiff requests:

1.  Immediate Temporary Restraining Order prohibiting Defendants from selling, transferring, moving, or otherwise disposing of M/Y *Something About Meri*;

2.  An order compelling Defendants to disclose the vessel's current location;

3.  Expedited hearing for Preliminary Injunction;

4. Return of the vessel to Plaintiff's possession pending final adjudication.

---

Respectfully submitted,

**Stanley R. Kalish**

**6911 Tara Blvd, Ste 101**

**Jonesboro, GA 30236**

**SRKalish@bellsouth.net**

**AFFIDAVIT OF STANLEY KALISH IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

I Stanley R Kalish, declare under penalty of perjury, and state as follows:

1. I am over the age of eighteen (18) years and competent to testify to the matters set forth herein.

2. I am the owner of the vessel known as M/Y *Something About Meri*, documented with the United States Coast Guard under Documentation Number 1278223.

3. Huntington Bank, N.A. holds a tertiarily assigned preferred ship mortgage on the vessel.

4. I have not received any notice of default, demand for payment, notice of repossession, or any opportunity to cure any alleged default prior to Defendant's taking of possession of the vessel.

5. On or about April 8, Defendant, without obtaining a court order, and without filing a judicial foreclosure action, breached the peace, located the vessel from Instagram, and broke in the vessel without a court order. Three grown men claiming to be from the bank saw the authorized inhabiting individual fully unclothed inside the vessel which they unlawfully entered, made verbal and physical threats for the inhabitant to exit the vessel immediately or be in violation of the law, and made threats including calling DPNR, and including live physical and verbal threats of arrest by DPNR, despite everyone's absence of a warrant for a Federally documented vessel. I, Stanley Kalish, spoke to the DPNR officer directly on the phone while this was occurring, and told them the person on board had full permission to be on the USCG Federally documented vessel, and the men, including Frank Krups, Craig Moore, Joseph A Gumbs, the DPNR police force, and VI Marine Towing and Salvage, continued to threaten the inhabitant with arrest, cajoled her out of the vessel by giving her the option of either buying her a luxury hotel or a stay in jail, got the inhabitant plus one suitcase off the vessel, locked up the vessel with lock and chain, and the next day, the towing company cut the sand anchor which was mooring the boat, illegally seized possession of M/Y *Something About Meri* from Cas Cay, US Virgin Islands, and relocated it to Yacht Haven Grande St Thomas, where several eye-witnesses at the marina witnessed the unusually small towing boats