UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61018-CIV-DIMITROULEAS/HUNT

HUNTINGTON NATIONAL BANK,

        Plaintiff,
v.
M/Y SOMETHING ABOUT MERI, her engines,
machinery, tackle, apparel, boats, furniture,
equipment, rigging, freights, and all other
necessary appurtenances, etc., in rem, and
STANLEY R. KALISH, in personam,

        Defendant(s).
_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on Intervenor Danielle Morron's Expedited Motion Under Supplemental Rule E(4)(f) to Vacate Rule C Arrest and Dismiss the *in rem* Case for Lack of Admiralty Jurisdiction Under 46 U.S.C § 31325. ECF No. 152. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned for a Report and Recommendation. *See* ECF No. 154; *see also* 28 U.S.C. § 636(b). Having carefully reviewed the Motion, the Response, the Reply, the entire case file, and applicable law, as well as heard argument from the Parties at a January 8, 2026 hearing, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS the Motion be DENIED for the reasons outlined below.

## BACKGROUND

This is a contentious matter involving the repossession of a boat due to its owner, Stanley Kalish (hereinafter "Kalish"), being in arrears on his mortgage. The holder of that mortgage, Huntington National Bank (hereinafter "the Bank"), brought a claim alleging

Kalish is in breach of his loan agreement.  Pro se Intervenor Danielle Morron (hereinafter "Morron") brings this challenge to the Bank's claim to the vessel pursuant to 46 U.S.C. § 31325, which governs preferred mortgage liens and enforcement regarding mortgaged vessels.  Morron's primary argument is that the Bank is not the recorded mortgagee of record.  Consequently, according to Morron, the Bank would be ineligible to avail itself under admiralty law to seek the boat's arrest in district court, nor is it eligible for the benefits afforded preferred ship mortgagees.  Relatedly, Morron argues that the arrest was invalid because the Bank engaged in a self-help seizure of the boat.

The Bank responds first that Morron does not have standing to challenge the Bank's action as she has no cognizable legal interest in the boat.  Acknowledging that this Court granted her leave to intervene, the Bank notes that such intervention was allowed only to give Morron a chance to establish that she has a cognizable legal interest in the boat.  The Bank contends that Morron has not done so and therefore has no standing to contest the boat's arrest.  Moreover, the Bank notes that this Court has already approved the arrest given the allegations contained within the verified complaint and suggests that the Court need look no further.

Should this Court get past both the standing and prior approval issues, the Bank contends, Morron's substantive arguments fail.  The Bank argues that it had a right to repossess the boat under a repossession provision in the loan agreement signed by Kalish if and when Kalish defaulted. According to the Bank, a third-party employed by the bank seized the boat pursuant to the loan documents, and only then started the process to arrest the boat and foreclose on the mortgage once the Boat was physically present in the Southern District of Florida.  The Bank contends it was contractually allowed to

repossess the boat and followed the law to the letter to arrest the boat when it got to the United States.

Morron did not file a reply to the Bank's argument but instead filed a Motion for Summary Judgment that the Court interpreted as a reply to the Bank's arguments. ECF Nos. 163, 164. In that filing, Morron argued that she has standing both via a salvage lien against the boat and because she was the lawful custodian at the time of the allegedly unlawful arrest. Morron also reiterated prior arguments that because the Bank did not and does not have a first preferred ship's mortgage, all that followed was improper.[1]

## DISCUSSION

1. Standing

Prior to addressing whether the arrest was proper, this Court must address the threshold issue as to whether Morron even has standing to bring the Motion. Only a "'person claiming an interest' in the vessels, is entitled to a Rule E(4)(f) hearing." *Crane Northcliffe Ocean Shipping & Trading Co. Northcliffe Ocean Shipping & Trading Co. v. Kalmar Glob., Inc.*, No. 3:16-CV-361-J-34MCR, 2016 WL 6442301, at *4 (M.D. Fla. Nov. 1, 2016) (quoting Fed. R. Civ. P. Suppl. Adm. R. E(4)(f)). The Bank is correct that when this Court allowed Morron to come into this case, it did so upon the consent of the Parties while still unclear as to what, exactly, kind of interest Morron claimed. As this Court wrote at the time,

> whatever Morron's claim to the vessel might be, both she and Kalish … acknowledged that it fell short of a perfected ownership interest.

---

[1] Morron also makes arguments regarding notice in her Reply, but "the Court will not consider new arguments made for the first time in the reply brief." *Boring v. Pattillo Indus. Real Est.*, 426 F. Supp. 3d 1341, 1349 (N.D. Ga. 2019). Notwithstanding that principle, and given that Morron's filing was not styled as a reply, the undersigned notes that the vessel's owner, the only individual with standing to challenge the notice, has not done so.

3

>Nonetheless, it is clear that Morron had reason to believe that she had an ownership interest, which could render her salvage lien claim problematic.

ECF No. 137 at *2.

Nonetheless, the Court felt that Morron should be allowed "further opportunity to clarify what precise interest she has in the vessel." *Id.* at *3.  In the months since the District Court adopted the undersigned's recommendations, Morron has had ample opportunity to engage in such clarification, but she has failed to do so.  For the purposes of this Motion, Morron again attempted to allege a salvage claim, which, if this were her basis, would continue to be problematic for the reasons previously outlined.  But Morron appears to have disclaimed even this interest.

In a filing titled "Verified Claim of Intervenor Danielle Morron (Supplemental Rule C(6) – Local Admiralty Rule C," Morron states that she "does not assert ownership of the Vessel in this Verified Claim" and "does not assert a salvage lien in this Verified Claim." ECF No. 194 at *3.  The only claim asserted appears to be that she was recognized by the bank as the vessel's custodian.   At the hearing, when afforded the opportunity to clarify her claim to the ship, Morron alleged that she had essentially been strung along by the Bank during a period of custodianship, believing that the Bank would somehow alter the vessel's registration in her favor.

Attached to this Claim are 73 pages of documents, many of which appear to be settlement communications between the parties, some of which appear to be transcribed conversations of unknown provenance, and none of which appear on their face to support Morron's claims. ECF No. 194-1.  Significantly, while on the witness stand at the hearing on her Motion, Morron admitted she had no legally cognizable ownership interest in the vessel.   Although the Court recognizes Morron's heartfelt belief that she is owed

4

something in regard to the vessel, she has not put before the Court any evidence that would justify her claim, and the time to do so has passed. *See* Fed. R. Civ. P. Supplementary Admiralty Rule C(6).  Morron has therefore not asserted a valid claim against the vessel and has no standing to challenge the arrest.

2. Validity of the arrest

Notably, this Court has already approved the arrest following a full hearing.  ECF No. 52, 55.  Further, Kalish, who does have standing, does not challenge either the seizure or the arrest.  Morron presented two arguments attacking the validity of the arrest: i) the Bank cannot legally engage in a self-help repossession under admiralty law; and ii) the bank does not have a perfected mortgage on the boat because the records of the United States Coast Guard's National Vessel Documentation Center ("NVDC") state that the mortgagee of record is Chemical Bank.  Both arguments fail.

It is uncontested that the loan documents allow the mortgage holder to engage in self-help to repossess the boat if the mortgage is in default.  The Bank put such loan documents before the Court in the Verified Complaint, ECF No. 1-4 at *11, and further introduced additional documentation at the hearing.  Plaintiff's Ex. 1 at *11.  Such self-help repossession, based on contract, is allowed in the Eleventh Circuit.  *Dietrich v. Key Bank, N.A.*, 72 F.3d 1509, 1517 (11th Cir. 1996) ("[W]e hold that the Ship Mortgage Act does not prohibit a mortgagee's use of state law self-help enforcement procedures when the parties have authorized those procedures by contract.").  Morron testified at the hearing as to the unruliness of the repossession, but the Court heard nothing that would indicate that the actions of the third-party repossession agents were such as to invalidate the action.

5

Contrary to Morron's vociferous arguments, the Bank has a valid first preferred ship mortgage.  It is, again, uncontested, that a valid mortgage was recorded with the NVDC by Chemical Bank.  In numerous filings, Morron argues that because Chemical Bank, and not Huntington Bank itself, is listed with the NVDS as mortgagee, Huntington Bank does not have a preferred ship mortgage.  Without such a mortgage, Morron argues, the Bank's entire house of cards tumbles, invalidating its claim to the vessel.

Section 31322 of the United States Code Chapter 46 states in relevant part that:

A preferred mortgage is a mortgage, whenever made, that--

>  (1) includes the whole of the vessel;

>  (2) is filed in substantial compliance with section 31321 of this title;

>  (3)(A) covers a documented vessel.

There is no dispute that the mortgage covers a documented vessel.  Although Morron has argued that the loan somehow does not cover the whole of the vessel, Kalish, who owns the vessel, has not in any way disputed the loan amount or that the mortgage included the whole of the vessel.  Likewise, this Court has not seen any evidence that would demonstrate the falsity of either.

This leaves the question as to whether the mortgage was filed in substantial compliance with 46 U.S.C. § 31321.  Morron adamantly contends that because Huntington Bank is not the mortgagee of record on the NVDC, the mortgage is not in compliance with § 31321.  It is uncontested that it is Chemical Bank, and not Huntington Bank, listed with the NVDC.

Unfortunately for Morron, this is not fatal to the Bank's claim, because 12 U.S.C. § 215 of the Federal Banking Act obviates the need to comply with 46 U.S.C. § 31321.

*Standard Fed. Bank, N.A. v. M/Y PLEASURES*, No. 03-60925-CIV-HUCK, 2003 WL 22722077, at *4 (S.D. Fla. July 24, 2003). The Bank's "rights under the duly recorded mortgage automatically vested upon the merger pursuant to the Federal Banking Act." *Id.* It is undisputed that Chemical Bank went through a series of mergers that resulted in what is now Huntington Bank. The Bank therefore has a valid preferred ship mortgage despite Chemical Bank's name appearing in the NVDC records. *Id.*

"Plaintiff has the burden under Supplemental Rule E(4)(F) to come forward with sufficient evidence to show there was probable cause for the arrest or attachment of the vessel." *20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc.*, 992 F. Supp. 1423, 1427 (M.D. Fla. 1997). Notwithstanding Morron's lack of standing to challenge the arrest, Plaintiff has more than adequately met this burden both via the Verified Complaint, ECF 1, and subsequent evidence. Morron's Motion should be denied.

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully RECOMMENDS that:

Danielle Morron's Expedited Motion Under Supplemental Rule E(4)(f) to Vacate Rule C Arrest and Dismiss the *in rem* Case for Lack of Admiralty Jurisdiction Under 46 U.S.C § 31325, ECF No. 152, should be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 9th day of January 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record

Danielle Morron
3401 SW Sawgrass Villas Dr., 11-C
Palm City, FL  34990
PRO SE