UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61018-CIV-DIMITROULEAS/HUNT

HUNTINGTON NATIONAL BANK,

        Plaintiff,

v.

M/Y SOMETHING ABOUT MERI, her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., in rem, and STANLEY R. KALISH, in personam,

        Defendant(s).
_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on Plaintiff's Motion for Contempt Against Danielle Morron. ECF No. 177. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned for a Report and Recommendation. *See* ECF No. 179; *see also* 28 U.S.C. § 636(b). Having carefully reviewed the Motion, the Response, the Reply, the entire case file, and applicable law, as well as argument from the Parties at a January 8, 2026 hearing, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS the Motion be GRANTED IN PART for the reasons outlined below.

## BACKGROUND

This is a contentious matter involving the repossession of a boat due to its owner, Stanley Kalish (hereinafter "Kalish"), being in arrears on his mortgage. The holder of that mortgage, Huntington National Bank (hereinafter "the Bank"), brought a claim alleging that Kalish is in breach of his loan agreement. Over the course of this case, *pro se* party

Danielle Morron (hereinafter "Morron") was allowed to intervene, but was repeatedly warned that her conduct must conform to Court standards. The Bank now brings this Motion contending that Morron has not stopped an ongoing harassment campaign that has already been recognized and sanctioned by this Court. See ECF Nos. 138; 144. The Bank argues that this Court's prior sanctions have not adequately curtailed Morron's campaign and now requests enhanced sanctions.

Specifically, the Bank requests that this Court find Morron in civil contempt and: 1) strike all pleadings and other filings submitted by Morron; 2) dismiss Morron from this case with prejudice; 3) impose appropriate sanctions, including attorneys' fees and costs incurred in reading and responding to her misconduct; 4) enter an enhanced protective order prohibiting Morron from communicating with the Bank or its attorneys in any manner, except through properly filed court documents or with prior written approval from this Court. See ECF No. 177 at *15. The Bank also requests that the Court waive any conferral requirement under Local Rule 7.1(a)(3)(A) as to any filings directed at Morron.

## DISCUSSION

At the hearing on the Motion, the undersigned found on the record that Morron had, indeed, continued to harass the Bank and its attorneys in violation of this Court's prior Order. Both the Bank and Morron herself have submitted evidence that Morron has failed to follow the Court's directives. See ECF Nos. 177; 194-1. Morron offered no real justification for this failure. The undersigned now reiterates the findings from that hearing. Specifically, the undersigned forbids Morron from communicating with the Bank and its attorneys in any way, and waives the Local Rule 7.1(a)(3)(A) conferral requirement between the Bank and Morron.

2

The Court now turns to the Bank's request that Morron be dismissed from the case with prejudice. The undersigned agrees with the Bank that Morron should be dismissed from the case, not as a matter of contempt, but as a matter of law.

When this Court allowed Morron to intervene in this case, it did so reluctantly and upon the consent of the Parties. ECF Nos. 137; 142. Even at the time, it was unclear that Morron could assert a valid interest, but the Court nonetheless allowed her to intervene so that she could clarify what precise interest she has in the vessel. *Id.* at *3. Since that time, Morron has failed to provide that clarification. At various times throughout the litigation, Morron has both asserted and disclaimed ownership and a salvage lien on the boat, interests which, as this Court explained in an earlier Report and Recommendation, are fundamentally incompatible. ECF No. 137. When challenged as to her standing in this matter, Morron appears to have disclaimed all interest in the boat except a possessory interest, meaning that she was in possession of the boat at the time of an allegedly unlawful arrest. ECF No. 194. Per this Court's most recent Report and Recommendation, ECF No. 223, the Bank committed no error in its repossession and arrest of the vessel.

As the undersigned found in that Report and Recommendation, Morron has not at any point put before the Court any evidence that would justify a claim to the vessel, and the time to do so has passed. *See* ECF No. 223 at *5 (citing Fed. R. Civ. P. Supplementary Admiralty Rule C(6)). A Court may reconsider a previous order granting intervention. *In re Hornbeam Corp.*, No. 14-24887-MC-LOUIS, 2019 WL 1491727, at *3 (S.D. Fla. Apr. 4, 2019); *Mishewal Wappo Tribe of Alexander Valley v. Salazar,* No. 5:09-CV-02502 EJD, 2012 WL 4717814, at *1 (N.D. Cal. Sep. 28, 2012). In doing so, the Court performs the

same analysis it did when allowing intervention, taking into account whether an intervenor still meets the requirements. This Court previously granted intervention under Fed. R. Civ. Pro. 24(a), which states that

> the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

As acknowledged in the prior Report and Recommendation on intervention, the Court was skeptical that Morron met the Rule 24 requirements. Nonetheless, the Court allowed Morron the opportunity to intervene based largely on the Parties' concession that she should be allowed the opportunity to assert a valid interest. Given Morron's continuously changing interest claims, dismissals, and reassertions, the undersigned finds that it would be nigh impossible for her to do so. The Bank has now requested that she be dismissed from the case. The request should be granted and any pending filings by Morron should be denied as moot.

The Bank also requests fees as a sanction for Morron's actions. Although the Court has the discretion to award such fees, the undersigned is mindful of Morron's *pro se* status and unfamiliarity with Court procedures. Likewise, it is unlikely that Morron would have been allowed to intervene absent the Bank's non-objection to said intervention. Further, her dismissal from the case obviates the need for further sanctions. *See Schramek v. Jones*, 161 F.R.D. 119, 122 (M.D. Fla. 1995) (recognizing the *pro se* status of the sanctioned party, finding that imposition of financial sanctions would not be the best deterrent of future untoward behavior). The Bank's request for fees should be denied.

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully RECOMMENDS that:

Plaintiff's Motion for Contempt Against Danielle Morron's ECF No. 177, should be GRANTED IN PART.  It should be granted to the extent that Morron be prohibited from communicating with the Bank or the Bank's attorneys in any manner regarding this case, except through properly filed court documents or with prior written approval from this Court.  The Court should also waive any Local Rule 7.1(a)(3)(A) conferral requirement when it comes to any filings between the Bank and Morron.  The Motion should otherwise be DENIED.

Morron should be dismissed from this case pursuant to Fed. R. Civ. Pro. 24 for failure to establish a viable claim to the vessel, and any pending filings by her should be denied as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); see Thomas v. Arn, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 14th day of January 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record

Danielle Morron
3401 SW Sawgrass Villas Dr., 11-C
Palm City, FL  34990
PRO SE