**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61018-CIV-DIMITROULEAS/HUNT**

HUNTINGTON NATIONAL BANK,

        Plaintiff,

v.

M/Y SOMETHING ABOUT MERI, her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., in rem, and STANLEY R. KALISH, in personam,

        Defendant(s).

_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on Plaintiff's Motion for Interlocutory Sale of the Defendant Vessel, ECF No. 165, and Intervenor Danielle Morron's Motion to Vacate the Appointment of Substitute Custodian Nunc Pro Tunc, ECF No. 205.  The Honorable William P. Dimitrouleas, United States District Judge, referred the Motions to the undersigned for a Report and Recommendation.  *See* ECF Nos. 166, 213; *see also* 28 U.S.C. § 636(b), S.D. Fla. L.R., Mag. R. 1.  Having carefully reviewed the Motions, any Responses or Replies, the entire case file, and applicable law, as well as argument from the Parties at a January 8, 2026 hearing, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Plaintiff's Motion be GRANTED and Intervenor's Motion be DENIED for the reasons outlined below.

### BACKGROUND

This is a contentious matter involving the repossession of a ship due to its owner, Stanley Kalish (hereinafter "Kalish"), being in arrears on his mortgage.  The holder of that

mortgage, Huntington National Bank (hereinafter "the Bank"), brought a claim alleging that Kalish is in breach of his loan agreement. The Bank now asks the Court to allow the sale of the vessel pursuant to Rule E(9) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims.

## DISCUSSION

Rule E(9)(a) provides in pertinent part:

(i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

The Bank, noting that you only need to meet one requirement, argues all of these apply, and asks this Court to allow the ship to be sold. The owner of the ship, Kalish, does not oppose the sale. The only response comes from Intervenor Danielle Morron ("Morron"), an individual who was allowed to intervene in this case but who now appears to have no valid claim upon the vessel. *See* ECF Nos. 223 and 226.

Notwithstanding Morron's inability to argue against the sale, even were the Court to entertain her arguments, they are without merit. Morron first argues that the Bank does not have a valid claim to the ship. The undersigned has addressed this argument in a previous Report and Recommendation currently pending before the Court. In that Report and Recommendation, which followed a full evidentiary hearing, the Court found ample

evidence supporting the Bank's claim. ECF No. 223. None of Morron's arguments on this point are meritorious.

Morron next argues that any change in the condition of the ship was the Bank's own fault and therefore cannot be considered. Even if this were true, the Bank need meet only one of the Rule E(9)(a) criteria. *See, e.g. Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09-CV-1071-T-27AEP, 2010 WL 11651427, at *3 (M.D. Fla. Dec. 30, 2010) (allowing the sale of a vessel based solely on unreasonable delay). There is ample evidence to support a sale under both the excessive expense and unreasonable delay criteria.

This Court ordered the arrest of the ship on June 16, 2025, meaning it has been under arrest for approximately six months. Courts have often found delays of more than four months to be unreasonable. *See, e.g., Regions Bank v. Motor Yacht ROYAL INDULGENCE*, No. 3:10CV100/LAC/EMT, 2010 WL 4595792, at *3 (N.D. Fla. Oct. 13, 2010), *report and recommendation adopted*, No. 3:10CV100/LAC/EMT, 2010 WL 4595729 (N.D. Fla. Nov. 4, 2010) (collecting cases). Additionally, there are significant continuing costs to holding the ship in storage. Plaintiff has provided an affidavit from Marc Hoffman, the Bank's Vice President. ECF No. 165-2. Hoffman attests that there are ongoing custodian fees of $50.00 per day, dockage fees of $276.00 per day, and hull insurance of $900.00 per month. ECF No. 165-2. The storage costs for the vessel total more than $10,000.00 per month. *Id.* "Courts are not required to let storage costs accumulate indefinitely in the hope that the owner might eventually act." *Naval Logistics, Inc. v. M/V FAMILY TIME,* No. 24-13172, 2025 WL 1733999, at *3 (11th Cir. June 23, 2025) (finding a sale justified after the accumulation of $25,000 in custodial fees).

The Bank has submitted ample justification for an interlocutory sale, and Kalish, the owner of the vessel and the only one with any standing to challenge the Bank's Motion, has not opposed the sale. Plaintiff's Motion should be granted. Further, given Morron's lack of standing and the undersigned's recommendation that the ship be sold at auction, the undersigned sees no need to consider her Motion to Vacate the Appointment of Substitute Custodian Nunc Pro Tunc, ECF No. 205. That Motion should therefore be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that:

Intervenor Danielle Morron's Motion to Vacate the Appointment of Substitute Custodian Nunc Pro Tunc, ECF No. 205, be DENIED; and

Plaintiff's Motion for Interlocutory Sale of the Defendant Vessel, ECF No. 165, be GRANTED. The Court should enter an Order providing:

(a) for the sale of the Vessel, her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., by the United States Marshal, Southern District of Florida at public auction to the highest bidder free and clear of all liens from any preexisting claims of the Vessel, whether recorded or otherwise, as provided in Supplemental Rule E(9)(a) of the Federal Rules of Civil Procedure, within ninety (90) days;

(b) that notice of such sale be made by advertisement pursuant to the Rule of the Court, and that the reasonable cost of such advertisement shall constitute a taxable cost in this action;

(c) that the Bank be entitled to credit bid all or part of any quantum of its claim at the judicial sale for the Vessel. The Bank must also provide the Court affidavit support as to the total amount owed under the ship's mortgage inclusive of all substitute custodian costs no less than 15 days prior to the scheduled sale of the vessel;

(d) that the proceeds of such sale, upon confirmation by the Court, be paid by the United States Marshal into the registry of this Court to await and abide further order of this Court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 16th day of January 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record

Danielle Morron
3401 SW Sawgrass Villas Dr., 11-C
Palm City, FL  34990
PRO SE