UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Case No.: 0:25-cv-61018-WPD

HUNTINGTON NATIONAL BANK,

     *Plaintiff*,

v.

M/Y SOMETHING ABOUT MERI, her engines, machinery,
tackle, apparel, boats, furniture, equipment,
rigging, freights, and all other necessary
appurtenances, etc., *in rem*, and STANLEY R. KALISH,
*in personam*,

     Defendant(s).

_____/

**ORDER DENYING DANIELLE MORRON'S EMERGENCY MOTION TO STAY
CONFIRMATION OF JUDICIAL SALE PENDING APPEAL**

THIS CAUSE is before the Court on Danielle Morron ("Morron")'s Emergency Motion to Stay Confirmation of Judicial Sale Pending Appeal, filed April 21, 2026. [DE 296] ("Emergency Motion"). On April 22, 2026, the Court entered an Order to Show Cause Why Court Should Not Stay the Judicial Confirmation of the Judicial Sale of the Vessel upon the Posting of an Appeal Bond in the Amount of $550,001.10 by Danielle Morron. *See* [DE 300]. Plaintiff Huntington National Bank ("Plaintiff") and Morron each filed Responses to the Court's Order to Show Cause. *See* [DE's 304, 309]. The Court has carefully considered the Emergency Motion, Morron's Response to Order to Show Cause [DE 304], Plaintiff's Response to Order to Show Cause and Motion to Confirm Sale to Secon-Highest Bidder Pursuant to Local Admiralty Rule E(17)(D) [DE 309] and the record and is otherwise fully advised in the premises.

In the Emergency Motion, Morron requests that the Court stay the judicial confirmation of the judicial sale of the Vessel pending the adjudication by the Eleventh Circuit Court of Appeals of Morron's interlocutory appeal, appealing the Magistrate Judge Hunt's April 17, 2026 Order denying Morron's Motion for Authorization to Credit Bid Salvage Lien at Interlocutory Sale [DE 293] to the Eleventh Circuit Court of Appeals. *See* [DE 297] (Notice of Appeal).

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). In evaluating whether a stay pending judicial review is appropriate, courts should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citation omitted).  "The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be 'better than negligible.'" *Id.*

Here, upon careful consideration of the parties' arguments and Magistrate Judge Hunt's April 17, 2026 Order denying Morron's Motion for Authorization to Credit Bid Salvage Lien at Interlocutory Sale [DE 293], the Court finds that the first factor, a strong showing of likelihood of success on the merits, weighs heavily against imposing the stay sought by Morron. First, it appears likely that the Eleventh Circuit will dismiss Morron's appeal for lack of appellate jurisdiction as procedurally defective, as it is seeking to appeal an Order entered by a United States Magistrate Judge rather than by the District Court. Second, even if appellate jurisdiction existed over Morron's appeal to the Eleventh Circuit, Morron's arguments that Judge Hunt erred in his ruling that Morron cannot credit bid her salvage lien because she cannot establish on the facts before the Court that her lien is valid, appear frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Morron's Emergency Motion to Stay Confirmation of Judicial Sale Pending Appeal

    [DE 296] is **DENIED**;

2.  Any relief requested by Plaintiff shall be sought by a separately filed motion.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 29th day of April, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record and *pro se* parties