**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY**

HUNTINGTON NATIONAL BANK,

Plaintiff,

v.

M/Y SOMETHING ABOUT MERI, et al.,
Defendants.

Case No.: 0:25-cv-61018-WPD

FILED BY _____ D.C.

APR 29 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**NON-PARTY DANIELLE MORRON'S MOTION FOR SANCTIONS AGAINST
PLAINTIFF'S COUNSEL NICHOLAS J. ZEHER AND FOR EVIDENTIARY HEARING**

Non-Party Danielle Morron ("Movant"), appearing pro se, respectfully moves this Court for

sanctions against Plaintiff's counsel, Nicholas J. Zeher of Robert Allen Law, and states:

**INTRODUCTION**

This Motion arises from a material inconsistency between (1) Plaintiff's representations to this

Court concerning the identity of the purported unknown identity of the non-performing high

bidder at the April 21, 2026 judicial sale, and (2) the actual events observed at the auction and

immediately thereafter.

Specifically, Plaintiff's counsel has represented to this Court that the identity of the non-

performing high bidder who initially "won" the auction remained unknown at the time of filing

both DE 301 and DE 309, and that Plaintiff should therefore take title to the collateral as the

second highest bidder via credit bid, which deposits no funds in the registry for valid lien

claimants.

Movant and other auction attendees personally observed Plaintiff's counsel, Nicholas J. Zeher,

and Plaintiff's representative, Marc Hoffman, engage in a private post-auction conversation with

the purported high bidder and then proceed toward the courthouse entrance together with U.S.

Deputy Marshal David Steinberg. Huntington representative Marc Hoffman, Zeher, and the purported bidder identified himself to Morron just before the auction as "Churchill" and asked her specifically if she planned to bid.

The assertion to this court that the identity of the non-performing bidder at the auction remains unknown cannot be reconciled without further inquiry.

**FACTUAL BACKGROUND**

1. On April 21, 2026, a U.S. Marshal judicial sale of the vessel occurred outside the Broward Federal Courthouse.

2. Plaintiff's counsel Nicholas Zeher and backup "winning bidder" Marc Hoffman of Huntington Bank, now asserting a credit bid in place of a purportedly unidentifiable non-performing high cash bidder, were present for the auction, conducted by U.S. Marshal David Steinberg.

3. The only two bidders were Marc Hoffman, on behalf of Huntington National Bank (credit bidder), and an individual approaching and identifying himself to Morron shortly before the auction as "Churchill."

4. Immediately prior to the final bid Churchill approached Hoffman, confirmed Hoffman's affiliation with the bank, shook Hoffman's hand, and engaged in a private exchange in front of all auction attendees.

5. Moments later, Churchill submitted the final bid of $500,001, and the plaintiff's representative Hoffman did not raise his bid further.

6. Following the conclusion of the auction, Nicholas J. Zeher was observed engaging in a private post-auction conversation with the purported high bidder along with Plaintiff's representative Hoffman. Thereafter, Zeher proceeded toward the courthouse entrance

together with U.S. Deputy Marshal David Steinberg, Marc Hoffman, and the winning bidder, who thanked Morron for her salvage efforts. Prior to the auction, Morron had never before met or known of this individual.

7. Entry into the courthouse requires identification and is subject to security screening and recording.

8. Despite these events, Plaintiff, through counsel Nicholas J. Zeher, represented to this Court in its request for additional time to respond to the court's OTC at DE 301, two days after the auction took place, that it was:

"in the process of gathering and verifying information concerning the individual who submitted the winning bid..."

8. Plaintiff has since moved to confirm the sale to Huntington National Bank as the second-highest bidder following the purported high bidder's default, lack of any deposit placed with the marshal whatsoever following the auction, and purported lack of verifiable identity.

## LEGAL STANDARD

Federal courts possess inherent authority to impose sanctions for bad faith conduct, misrepresentations to the Court, and conduct that abuses the judicial process.

Additionally, under Rule 11, an attorney certifies that factual contentions presented to the Court have evidentiary support or are likely to have evidentiary support after reasonable investigation. Sanctions are appropriate where a party makes representations inconsistent with known facts, fails to conduct a reasonable inquiry before making factual assertions, or advances positions that undermine the integrity of judicial proceedings, especially a federally conducted U.S. Marshal Auction.

**ARGUMENT**

Counsel's Representation Regarding the "Unknown" Bidder Raises a Serious Question of Candor. Plaintiff's counsel represented that the identity of the high bidder remained unknown days after the auction, yet counsel engaged directly with that same individual immediately following the auction and proceed toward the courthouse entrance with the purportedly unknown high bidder, a Huntington Representative – Marc Hoffman, and U.S. Marshal David Steinberg. This creates a direct inconsistency - either the identity of the bidder was known or readily ascertainable at the time of the filing, or no reasonable inquiry was conducted before representing otherwise to the Court.

In either case, counsel's representation alleging the unknown identity of the high cash bidder in DE 301 and DE 309 warrants judicial scrutiny.

The Integrity of the Judicial Sale Process Is Directly Implicated

The identity of the high bidder is central to enforcement of the bid, validity of the sale, and compliance with Local Admiralty Rule E(17).

The same filing that claims uncertainty regarding the bidder's identity is used to support confirmation of the sale to a bidder whose credit bid places no funds in the registry for competing lienholders.

This creates a procedural posture where a high cash auction bidder is treated as "unknown", no winning deposit is confirmed, and the sale to the backup bidder, the plaintiff, is rapidly advanced by plaintiff's counsel, essentially kneecapping both lien assertion and registry proceeds recovery on successful appeal.

That sequence raises serious concerns regarding the accuracy and completeness of the representations made to the Court by plaintiff's counsel in DE 301 and 309.

**An Evidentiary Hearing Is Necessary**

These issues cannot be resolved on written submissions alone.

An evidentiary hearing is necessary to determine the alleged circumstances under which the high bidder remained purportedly identified at or immediately after the sale, what interactions occurred between counsel and the bidder, whether courthouse entry records confirm identity, and whether counsel's representations were consistent with facts known at the time of filings. Relevant evidence includes courthouse surveillance footage, building entry logs and identification records, and testimony of individuals present.

**RELIEF REQUESTED**

**Movant respectfully requests that this Court:**

1. Order an evidentiary hearing regarding plaintiff's counsel's witnessed interactions with and subsequent purported ongoing attempts to identify the high bidder, the circumstances of the April 21, 2026 auction, and the accuracy of Plaintiff's representations in DE 301 and DE 309 regarding the unknown identity of the bidder.

2. Require Plaintiff's counsel, Nicholas J. Zeher, to disclose all known information regarding the identity of the high bidder and describe efforts undertaken to verify that identity.

3. Impose appropriate sanctions if the Court determines that representations were made without reasonable inquiry or were inconsistent with known or readily ascertainable facts.

4. Grant such further relief as the Court deems just and proper to protect the integrity of the judicial sale process.

**CONCLUSION**

The Court is being asked to confirm a judicial sale while the identity of the purported high bidder remains undisclosed and the record and contemporaneous witness accounts reflects conflicting narratives alleged by counsel regarding that identity.

Plaintiff's counsel and the Huntington Bank representative were observed engaging with the high bidder immediately following the auction and proceeding toward the courthouse entrance with the U.S. Marshal, which is irreconcilable with the repeated assertion to this court that the identity of the high auction bidder remained unknown as of April 28, 2026.

This Motion requires that the inconsistency asserted by Plaintiff's counsel be examined before the Court relies on the representations made.

**Respectfully,**

4-29-26

Danielle Morron, pro se
3401 SW Sawgrass Villas Dr., 11-C
Palm City, FL 34990
dmopallc@outlook.com
786-631-2495

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was hand-delivered to the District Clerk of Court via CM/ECF on April 29, 2026, which provides electronic notice of filing to all counsel of record.

Danielle Morron      4-29-26