**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**IN ADMIRALTY**

HUNTINGTON NATIONAL BANK,                              Case No.: 0:25-cv-61018-WPD

     *Plaintiff*,

v.

M/Y SOMETHING ABOUT MERI, her engines, machinery,
tackle, apparel, boats, furniture, equipment,
rigging, freights, and all other necessary
appurtenances, etc., *in rem*, and STANLEY R. KALISH,
*in personam*,

     *Defendant(s)*.

_____/

**<u>PLAINTIFF'S MOTION TO CONFIRM SALE TO SECOND-HIGHEST BIDDER</u>**

Plaintiff Huntington National Bank (the "Bank"), by and through undersigned counsel, hereby moves this Court, pursuant to Local Admiralty Rule E(17)(d) of the United States District Court for the Southern District of Florida, for entry of an order confirming the sale of the M/Y *Something About Meri* (the "Vessel") to the Bank as the second-highest bidder at the April 21, 2026 interlocutory sale, in the amount of $500,000.00. In support, the Bank states as follows:

**<u>I. Background</u>**

On April 21, 2026, the United States Marshal conducted the interlocutory sale of the Vessel pursuant to this Court's Order Approving Report of Magistrate Judge; Overruling Objection [ECF No. 249] (the "Sale Order"). At that sale, the high bid was $500,001.00, and the Bank, exercising the credit-bid authority granted under Paragraph 4(c) of the Sale Order, was the second-highest bidder at $500,000.00.

Local Admiralty Rule E(17)(a)(ii) requires the high bidder to deposit the balance of the bid within seven (7) days following the sale. The high bidder has paid nothing, neither a deposit following the sale nor the balance due April 28, 2026, and is therefore in default under Local Admiralty Rule E(17)(a)(ii). Because the high bidder has defaulted, no enforceable sale to the high bidder presently exists, and the Bank stands as the second-highest bidder at $500,000.00.

## II. Legal Standard

Local Admiralty Rule E(17)(d) addresses precisely this circumstance:

> The person who fails to pay the balance of the bid within the time allowed shall be deemed to be in default. Thereafter a judicial officer may order that the sale be awarded to the second highest bidder, or may order a new sale as appropriate. Any sum deposited by the bidder in default shall be forfeited . . . .

S.D. Fla. L. Adm. R. E(17)(d). The Rule expressly authorizes the precise relief the Bank now seeks, an award of the sale to the Bank as the second-highest bidder, in lieu of ordering a new sale.

## III.  Confirmation to the Bank as the Second-Highest Bidder Is the Most Efficient Course

Awarding the sale to the second-highest bidder is the more efficient course on this record. A re-sale would impose substantial costs and risks, including: (i) the need to re-notice the sale under Local Admiralty Rule E(16); (ii) continued accrual of substitute custodian fees, dockage, and insurance in the interim, all of which are senior administrative claims that diminish the proceeds available for distribution; (iii) exposure to further deterioration of the Vessel, which has been in *custodia legis* for more than a year and whose deteriorated condition is well-documented in this record; and (iv) the genuine risk, particularly given the Vessel's deteriorated condition, of a lower second-round price.

By contrast, immediate confirmation to the Bank fixes the proceeds at a known amount of $500,000.00, halts the accrual of administrative claims that would otherwise further diminish those proceeds, and clears the way for orderly distribution under this Court's supervision.

### IV. No Party Is Prejudiced by Confirmation to the Bank

No party is prejudiced by confirmation of the sale to the Bank as the second-highest bidder. Any valid lien claims attach to the proceeds, which will consist of the Bank's $500,000.00 credit bid satisfied against its outstanding mortgage balance pursuant to Paragraph 4(c) of the Sale Order. Distribution priorities can be litigated in the ordinary course following confirmation.  The position of any junior claimant vis-à-vis the proceeds is precisely the same regardless of whether the buyer is the high bidder, the Bank as second-highest bidder, or a re-sale buyer.

### V.  Conclusion

For the reasons stated above, Plaintiff Huntington National Bank respectfully requests that this Court enter an order:

(1) Declaring the high bidder at the April 21, 2026 interlocutory sale in default under Local Admiralty Rule E(17)(a)(ii) and (d);

(2) Confirming the sale of the Vessel to Plaintiff Huntington National Bank, as the second-highest bidder, in the amount of $500,000.00, pursuant to Local Admiralty Rule E(17)(d) and the credit-bid authority granted in ECF No. 249 ¶ 4(c); and

(3) Granting such further relief as the Court deems just and proper.

Dated: <u>April 30, 2026</u>

Respectfully submitted,

<u>/s/ Nicholas J. Zeher</u>
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Serena A. Witter, Esq. (Fla. Bar No. 45216)
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida  33131
Tel.:   (305) 372-3300
Fax:   (305) 379-7018
Email: nzeher@robertallenlaw.com
           switter@robertallenlaw.com
           litigation@robertallenlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served via email to counsel for Defendant Stanley Kalish this 30th day of April 2026.

Respectfully submitted,

<u>/s/ Nicholas J. Zeher</u>
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Serena A. Witter, Esq. (Fla. Bar No. 45216)
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel.:   (305) 372-3300
Fax:   (305) 379-7018
Email: nzeher@robertallenlaw.com
           switter@robertallenlaw.com
           litigation@robertallenlaw.com
*Counsel for Plaintiff*