## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### IN ADMIRALTY

HUNTINGTON NATIONAL BANK,                         Case No.: 0:25-cv-61018-WPD

     *Plaintiff*,

v.

M/Y SOMETHING ABOUT MERI, her engines, machinery,
tackle, apparel, boats, furniture, equipment,
rigging, freights, and all other necessary
appurtenances, etc., *in rem*, and STANLEY R. KALISH,
*in personam*,

     *Defendant(s)*.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DANIELLE MORRON'S MOTION TO FILE RESPONSE TO DE 319 UNDER SEAL AND REQUEST FOR IN CAMERA REVIEW OF EXHIBITS [ECF NO. 324]

Plaintiff, Huntington National Bank ("Huntington"), respectfully submits this Response in Opposition to dismissed intervenor Danielle Morron's Motion to File Response to DE 319 Under Seal and Request for *In Camera* Review of Exhibits [ECF No. 324] (the "Motion to Seal"), and states as follows:

### PRELIMINARY STATEMENT

Morron's Motion to Seal should be denied for several independent reasons. First, the relief is built on a false premise: there is no operative "response" to seal, because the deadline to respond to Huntington's Second Motion for Contempt [ECF No. 319] expired on May 21, 2026, and Morron filed none. Any response she now attempts to file is untimely and should be stricken on that basis alone, rendering the Motion to Seal moot. Second, even if a response were timely, Morron has not come close to carrying her heavy burden to overcome the strong presumption of

public access that attaches to judicial records in this Circuit. Her conclusory invocation of "harassment" and "personal safety"offered without evidence and by the very litigant whom this Court has twice found to be the source of harassment in this case cannot justify sealing an entire filing. Third, the Motion to Seal does not comply with Local Rule 5.4, which governs sealed filings and which Morron neither cites nor satisfies. Fourth, Morron's avowed intent to file and serve her submission so as to deprive Huntington of any opportunity to see or respond to it would violate Huntington's due-process rights in a contempt proceeding that may result in monetary and criminal sanctions. The Motion to Seal should be denied in its entirety.

## RELEVANT BACKGROUND

1. On October 16, 2025, the Court entered a Protective Order enjoining Morron from harassing any party associated with this case and from violating the Federal and Local Rules. [ECF No. 144].

2. Following an evidentiary hearing, and after the Court found that Morron had continued to harass Huntington and its attorneys, the Court entered its Amended Order [ECF No. 255] on February 3, 2026, prohibiting Morron from communicating with Huntington or its counsel in any manner regarding this case except through properly filed court documents or with prior written approval of the Court, and dismissing her as an intervenor under Federal Rule of Civil Procedure 24.

3. On May 7, 2026, Huntington filed and served, through the CM/ECF system, its Second Motion for Contempt Against Danielle Morron for Violation of Protective Order [ECF No. 319], which seeks civil-contempt sanctions, compensatory attorneys' fees, and a referral for criminal contempt.

2

4.      Under Local Rule 7.1(c)(1), any response to ECF No. 319 was due within fourteen days of service (on or before May 21, 2026). Morron filed no response.

5.      Instead, on May 20, 2026, Morron filed the present Motion to Seal [ECF No. 324], seeking leave to file an unspecified "response" to ECF No. 319 entirely under seal and for in camera review, and expressly stating in her certificate of service that her motion "has not been served on the Plaintiff."

**ARGUMENT**

**I.      The Motion to Seal Is Moot Because Any Response to ECF No. 319 Is Untimely and Should Be Stricken.**

Morron seeks permission to file a "response" to ECF No. 319 under seal.   However, there is no timely response to file.  Huntington served ECF No. 319 through CM/ECF on May 7, 2026. Under Local Rule 7.1(c)(1), "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion," and "[f]ailure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1).  Morron's deadline to respond therefore expired on May 21, 2026, and she filed no response.

Morron's May 20, 2026 Motion to Seal is not a response to ECF No. 319; it is a procedural request for leave to file a still-nonexistent response.  A motion seeking permission to file does not satisfy or toll the response deadline, and Morron did not move for an extension of time under Federal Rule of Civil Procedure 6(b) or make any showing of excusable neglect.  Any response Morron now tenders (whether sealed or public) will be untimely on its face and should be stricken. *See* S.D. Fla. L.R. 7.1(c)(1).  Because the only document Morron seeks to seal is a response she has no right to file, the Motion to Seal is moot and should be denied on that basis alone.

**II.      Morron Has Not Overcome the Strong Presumption of Public Access to Judicial Records.**

Even setting untimeliness aside, the Motion to Seal fails on the merits. "The operations of the courts and the judicial conduct of judges are matters of utmost public concern," and "the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). That right "includes the right to inspect and copy public records and documents." *Id.*

The party seeking to seal bears the burden of overcoming this presumption by showing good cause. *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 & n.2 (11th Cir. 2021).  That showing requires the Court to balance "the asserted right of access against the other party's interest in keeping the information confidential," considering "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.  Critically, the "right of access cannot be overcome by . . . conclusory assertion[s]." *Id*.

Morron offers nothing more than conclusory labels. Her three-sentence motion asserts only that disclosure "could increase the risk of harassment, threat to personal safety, and abuse of the information," and that her response is "intended solely for the Court's consideration." [ECF No. 324 at ¶¶ 2–3].  She identifies no specific threat, no particular sensitive material, and no reason why the asserted concerns could not be addressed through the far less restrictive means of redaction.  The desire to shield a filing from the opposing party's view is not a legitimate basis for

4

sealing; it is a reason to deny it.   Morron's blanket request to seal an entire response, sight unseen, is the antithesis of the narrowly tailored showing the law requires.

### III.    The Motion to Seal Does Not Comply With Local Rule 5.4.

Sealed filings in this District are governed by Local Rule 5.4, which Morron neither cites nor satisfies. Local Rule 5.4(b) requires that a motion to seal "set forth the factual and legal basis for departing from the policy that Court filings are public," "specify the proposed duration of the requested sealing," and describe the matter with sufficient particularity for the Court and the public to evaluate the request. S.D. Fla. L.R. 5.4(b)(1). Morron's Motion to Seal does none of this. It states no duration, offers no particularized legal basis, and proposes instead to withhold the entire filing from Huntington altogether. Independent of every other defect, the Motion to Seal should be denied for failure to comply with Local Rule 5.4.

### IV.    Morron's Proposal to File and Withhold Her Submission from Huntington Would Violate Huntington's Due Process Rights in Continuation of Morron's Documented Pattern of Procedural Abuse.

Morron does not merely seek to seal her submission from the public; her certificate of service states that the filing "has not been served on the Plaintiff to preserve the confidentiality of the matters discussed." [ECF No. 324 at p. 3]. In other words, Morron asks to oppose a pending motion for civil and criminal contempt sanctions through an *ex parte*, in camera submission that Huntington would never see and could never answer. That request is fundamentally incompatible with due process.   It is Huntington that bears the burden on its own contempt motion, and Huntington is entitled to see and respond to the factual assertions Morron intends to place before the Court. Permitting Morron to submit unsworn factual material and argument that Huntington cannot review would deprive Huntington of any meaningful opportunity to test or rebut Morron's assertions.

The relief Morron requests has no support in law and should be rejected, especially considering the record supplies basis for concern about Morron's motives in bringing this Motion to Seal.  This Court has already found Morron to have harassed Huntington and its counsel in violation of its orders [ECF Nos. 226, 255], has dismissed her as an intervenor for failure to establish any viable claim [ECF No. 255 at ¶ 4], and only weeks ago denied her most recent filing as "frivolous" [ECF No. 314].  Against that backdrop, Morron's request to file a secret, unserved "response," invoking the specter of "harassment" while herself being the adjudicated source of harassment in this case, is most naturally understood as a further effort to burden Huntington and evade the public accountability that attaches to filings in this Court.  This is not a basis to seal; it is a further reason to deny.

### CONCLUSION

For the foregoing reasons, Huntington respectfully requests that the Court (i) deny Danielle Morron's Motion to File Response to DE 319 Under Seal and Request for *In Camera* Review of Exhibits [ECF No. 324] in its entirety; (ii) confirm that any response to ECF No. 319 is untimely and may be stricken; and (iii) grant such further relief as the Court deems just and proper.

Dated: <u>May 28, 2026</u>

Respectfully submitted,

*/s/ Nicholas J. Zeher*
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Serena A. Witter, Esq. (Fla. Bar No. 45216)
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida  33131
Tel.:   (305) 372-3300
Fax:   (305) 379-7018
Email: nzeher@robertallenlaw.com
          switter@robertallenlaw.com

litigation@robertallenlaw.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served via

CM/ECF this 28 day of May 2026.

Respectfully submitted,

*/s/ Nicholas J. Zeher*
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Serena A. Witter, Esq. (Fla. Bar No. 45216)
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel.:    (305) 372-3300
Fax:    (305) 379-7018
Email: nzeher@robertallenlaw.com
        switter@robertallenlaw.com
        litigation@robertallenlaw.com
*Counsel for Plaintiff*