**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY**

HUNTINGTON NATIONAL BANK,

Plaintiff,

v. Case No. 0:25-cv-61018-WPD

M/Y SOMETHING ABOUT MERI, et al., in rem.

Defendant(s).

_____/

**EXPEDITED MOTION OF NON-PARTY/SALVAGE LIEN CLAIMANT DANIELLE MORRON FOR LIMITED INDICATIVE RULING, CLARIFICATION, RULE 72 TREATMENT OF DE 293, AND INCORPORATED MEMORANDUM OF LAW**

Non-Party/Salvage Lien Claimant Danielle Morron respectfully moves for an expedited, limited indicative ruling, clarification, and Rule 72 treatment of the April 17, 2026 Order entered by Magistrate Judge Hunt at DE 293.

This motion is brought under Federal Rule of Civil Procedure 62.1, Federal Rule of Appellate Procedure 12.1, 28 U.S.C. § 636(b), 28 U.S.C. § 636(c), Federal Rules of Civil Procedure 72 and 73, and this Court's inherent authority to clarify its own record.

This motion incorporates the required memorandum of law.

Morron does not ask this Court to decide the pending appeal. Morron does not ask this Court to act inconsistently with the Eleventh Circuit's jurisdiction. Morron seeks a narrow procedural clarification and indicative ruling because the Eleventh Circuit has issued jurisdictional questions in Appeal No. 26-11349-J concerning whether DE 293 is directly reviewable and whether Morron has standing to appeal that order.

FILED BY____CBR____D.C.

Jun 16, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - CHAMBERS

The district-court record is central to those questions. DE 293 was entered as an operative magistrate judge order even though the April 14, 2026 hearing transcript[1] shows that the credit-bid issue was expected to proceed by Report and Recommendation. The sale then proceeded before Morron received a Report and Recommendation, Rule 72(b) objection period, de novo district-judge review, or substitute security for her asserted salvage lien.

Morron therefore respectfully requests that this Court issue a limited ruling stating that this motion raises a substantial issue and that, if the Eleventh Circuit remands for this limited purpose, the Court would treat, construe, or reissue DE 293 as a Report and Recommendation under Rule 72(b), or alternatively construe Morron's April 21, 2026 notice of appeal and related filings as a timely Rule 72(a) request for district-judge review.

**RELIEF REQUESTED**

Morron respectfully requests an expedited order:

1.  clarifying that DE 293 directly and adversely affected Morron's asserted maritime salvage lien, claimed credit-bid rights, and claimed interest in the vessel/res or any substitute proceeds;

2.  clarifying that Morron is an aggrieved person with respect to DE 293 because the order rejected or functionally disposed of the claimed maritime interest she asserted against the vessel/res;

---

[1] See Exhibit A

3. clarifying that unanimous consent under 28 U.S.C. § 636(c) and Rule 73 did not exist because Morron and Kalish's counsel's willingness to consent was not joined by Plaintiff Huntington National Bank;

4. clarifying that, absent unanimous § 636(c) consent, DE 293 should be treated, construed, or reissued as a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and Rule 72(b), because it functionally disposed of Morron's asserted salvage-lien and credit-bid rights;

5. stating under Rule 62.1 that this motion raises a substantial issue and/or that the Court would grant limited procedural relief if the Eleventh Circuit remands;

6. permitting Morron, upon limited remand, to file Rule 72(b) objections to DE 293 within fourteen days, or alternatively deeming her existing filings sufficient to preserve her objections;

7. alternatively, if the Court concludes DE 293 was non-dispositive, construing Morron's April 21, 2026 notice of appeal and related filings as a timely request for district-judge review under Rule 72(a); and

8. granting such other and further relief as the Court deems just and proper.

**INTRODUCTION**

This motion addresses the procedural problem now squarely presented by the Eleventh Circuit's jurisdictional inquiry.

Morron agrees that, ordinarily, a party or claimant objecting to a magistrate judge's proposed disposition of a dispositive matter proceeds through Rule 72 objections before the district judge. That is exactly the procedure Morron expected here.

At the April 14, 2026 hearing, the magistrate judge and courtroom deputy recognized on the record that Morron's credit-bid motion should be handled as an R&R. The Court stated: "We'll get a R and R, Heath, or order on this." The courtroom deputy clarified: "I believe this is an R and R." The magistrate judge responded: "I think it's an R and R." The courtroom deputy then drew the distinction expressly: "The motion to compel is in order. The credit bid is an R and R." The magistrate judge responded: "We'll probably do them separately, though, then." Apr. 14, 2026 Hr'g Tr. 88:9–16. **See Exhibit A**.

That R&R never issued. Instead, DE 293 issued as a combined operative magistrate judge order three days before the scheduled April 21 interlocutory sale.

The consequence was not merely technical. Morron received no R&R, no fourteen-day Rule 72(b) objection period, no de novo district-judge review, and no substitute security before the vessel sale proceeded.

Morron attempted to obtain district-court protection before the sale. In DE 294, she sought a stay of the interlocutory sale pending resolution of her credit-bid motion or, alternatively, protective conditions requiring Huntington to post a cash deposit or bond sufficient to protect her asserted salvage lien. DE 295 denied that protection as moot on April 20, 2026, one day before the scheduled sale.

After the sale proceeded without Rule 72 review or substitute lien protection, Morron sought to stay confirmation. The Court then contemplated a stay only if Morron posted a $550,001.10

bond, representing 110% of the reported sale price. Huntington then argued in DE 309 that Morron's appeal was likely defective because DE 293 was a magistrate judge order and Morron had not obtained Rule 72 review from the district judge. The Court denied the stay in DE 310, relying in part on that predicted procedural defect.

This created a procedural trap. The magistrate judge indicated the credit-bid issue would proceed by R&R. The R&R was never issued. The sale proceeded. Pre-sale substitute security was denied as moot. Post-sale stay relief was conditioned on a bond Morron could not practically obtain as a pro se litigant without counsel. Then Huntington argued that Morron's appeal was defective because district-judge review had not occurred.

This motion seeks a narrow cure: a limited indicative ruling and clarification that DE 293 should be treated, construed, or reissued as an R&R, or alternatively that Morron's April 21 notice of appeal should be construed as a timely Rule 72(a) request for district-judge review.

**RELEVANT PROCEDURAL HISTORY**

**On August 28, 2025, Morron presented her NVDC-certified salvage lien to the Court**

The lien was accepted into evidence as Morron's Exhibit 1. Morron's asserted in rem interest was not as borrower or owner, but as a salvage lien claimant.

**Morron filed DE 253 seeking credit-bid parity for her asserted salvage lien**

On February 3, 2026, Morron filed DE 253, her Motion for Authorization to Credit Bid Salvage Lien at Interlocutory Sale.

DE 253 sought practical parity with the credit-bid relief already afforded to Huntington. Huntington had been authorized to credit bid all or part of its claimed debt at the interlocutory

sale despite no business records evidence of the amount owed. Morron sought reciprocal protection for her asserted preferred maritime salvage lien: the ability to protect her claimed interest in the res through a credit bid, leaving objections for confirmation, rather than being forced to watch the vessel be sold before her lien rights were adjudicated.

**The Court ordered briefing from the parties**

On February 4, 2026, the Court entered DE 256, ordering Plaintiff Huntington and Defendant Kalish to respond to Morron's credit-bid motion. The Court specifically directed them to state their positions, with citations to record evidence and legal authority, as to Morron's entitlement to a maritime salvage lien, the amount of any such lien, and the effect of such lien on the proceedings, including the Court-ordered interlocutory sale.

Plaintiff and Defendant responded at DE 261 and DE 262.

Morron responded through DE 278, addressing entitlement, amount, priority, credit-bid mechanics, and the need to protect her asserted salvage lien before the interlocutory sale.

**Plaintiff sought an extension to respond to DE 278 and ultimately filed no substantive response**

Plaintiff then sought an additional two-week extension to respond to DE 278, despite still having significant time remaining to respond. Plaintiff ultimately filed no substantive response to DE 278. That extension practice compressed the timeline and contributed to the later Rule 72 problem. By the time the April 14, 2026 evidentiary hearing occurred, the interlocutory sale was only seven days away.

**The April 14 transcript confirms that the credit-bid issue was expected to proceed by R&R**

At the conclusion of the April 14 hearing, the magistrate judge and courtroom deputy expressly recognized that the credit-bid issue should proceed as an R&R.

The Court stated: "We'll get a R and R, Heath, or order on this." Apr. 14, 2026 Hr'g Tr. 88:9–10. See Exhibit A.

The courtroom deputy responded: "I believe this is an R and R." Id. at 88:11.

The Court stated: "I think it's an R and R." Id. at 88:12.

The courtroom deputy clarified the dispositive distinction: "The motion to compel is in order. The credit bid is an R and R." Id. at 88:13–14.

The Court responded: "All right. We'll probably do them separately, though, then." Id. at 88:15–16.

Plaintiff's counsel immediately emphasized the sale timeline: "Just for timeline purposes, the auction is set for the 21st on the courthouse steps." Id. at 88:21–22.

The Court asked: "April 21st?" Id. at 88:23.

Plaintiff's counsel answered: "Yep." Id. at 88:24.

The Court observed: "Quick timeline." Id. at 88:25.

Thus, the record shows that the credit-bid issue was expected to be handled by R&R, the motion to compel was understood as an order, and the Court was aware that the sale was imminent.

**DE 293 then issued as a surprise combined operative order rather than the expected R&R**

Despite that on-record recognition, DE 293 issued on April 17, 2026 as a combined operative magistrate judge order addressing DE 253 and DE 280. It granted in part Plaintiff's motion to compel and denied Morron's credit-bid motion in one order.

DE 293 did not provide Morron a Rule 72(b) objection period before sale. It did not issue as proposed findings and recommendations. It did not provide de novo district-judge review before the sale consequences flowed from the ruling.

**Morron sought pre-sale protection in DE 294**

Morron attempted to obtain protection from this Court before the sale. Although docketed later due to mailing lag for pro se filers, Morron served her Emergency Motion to Stay Interlocutory Sale Pending Resolution of Salvor's Credit Bid, DE 294, on counsel and the magistrate's clerk on April 16, 2026, before DE 293 issued on April 17, 2026.

DE 294 explained that the vessel was set to be sold within days while the credit-bid issue remained unresolved, and that proceeding with the sale would irreparably convert Morron's asserted salvage lien into distressed sale proceeds before the Court determined whether she was entitled to bid that lien.

DE 294 did not seek only to stop the sale. It alternatively requested protective conditions if the sale proceeded. Specifically, Morron asked the Court to require a cash deposit or bond sufficient to secure the asserted lien, as also previously stated in DE 278, which remained unrebutted, despite Plaintiff's motion for extension of time to respond to DE 278 concerning Morron's request for a substitute security requirement before allowing the plaintiff to credit bid, as well as addressed the FYBA agreement executed by Morron and Kalish, and containing an express

integration clause on duties and liabilities that would end the salvage voluntariness controversy, and express preservation of Morron's right to credit bid at confirmation.

**DE 295 denied DE 294 as moot one day before the sale**

DE 295 denied DE 294 as moot on April 20, 2026, one day before the scheduled April 21 sale.

Thus, Morron received neither the expected R&R nor Rule 72(b) objections, neither de novo review nor a stay, neither substitute security nor express preservation of credit-bid rights.

**Post-sale proceedings compounded the procedural injury**

After the sale proceeded without Rule 72 review, Morron filed DE 296 seeking to stay confirmation pending appeal. Morron also filed DE 297, her notice of appeal from DE 293.

The Court entered DE 300, an Order to Show Cause asking why confirmation should not be stayed upon Morron posting a $550,001.10 appeal bond. The bond amount represented 110% of the reported $500,001 sale price.

**DE 302 repeated the same bond condition when granting Huntington an extension to respond**

As a pro se litigant, Morron also faced a practical barrier to obtaining that bond because the bondsman would not issue the bond without counsel appearing for her.

**Huntington then argued Morron's appeal was procedurally defective despite DE 293 failing to provide a vehicle for Rule 72 review, while seeking confirmation to itself by credit bid**

In DE 309, Huntington argued that Morron's appeal was procedurally defective because DE 293 was a magistrate judge order and Morron had not first sought Rule 72 review from the district judge.

At the same time, Huntington sought confirmation of the vessel to itself as second-highest bidder by $500,000 credit bid after the purported high bidder paid nothing, including no deposit and no balance.

Thus, Huntington argued that Morron's appeal was premature because district-judge review had not occurred, while simultaneously asking the district court to confirm the sale to itself without cash proceeds being deposited into the registry to protect Morron's asserted lien.

**DE 310 denied the stay based in part on the predicted jurisdictional defect**

In DE 310, the Court denied Morron's motion to stay confirmation. The Court relied in part on the likelihood that the Eleventh Circuit would dismiss Morron's appeal as procedurally defective because the appealed order was entered by a magistrate judge rather than by the district court.

That ruling deepened the practical injury. The R&R process had not occurred before sale. Morron's request for pre-sale substitute security had been denied as moot. After the sale, the Court denied a stay in part because Morron's appeal was likely procedurally defective due to the absence of district-judge review under Rule 72.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 62.1 applies when a timely motion is made for relief that the district court lacks authority to grant because an appeal has been docketed and remains pending. The district court may defer considering the motion, deny the motion, or state either that it would grant the motion if the court of appeals remands for that purpose, or that the motion raises a substantial issue.

Federal Rule of Appellate Procedure 12.1 provides the corresponding appellate procedure. If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant may notify the circuit clerk, and the court of appeals may remand for further proceedings while retaining jurisdiction unless it expressly dismisses the appeal.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine certain non-dispositive pretrial matters. Under 28 U.S.C. § 636(b)(1)(B), dispositive matters and matters functionally disposing of claims or defenses *proceed by proposed findings and recommendations to the district judge*.

Federal Rule of Civil Procedure 72(b) provides that, for dispositive matters, the magistrate judge must enter a recommended disposition, the parties may object within fourteen days, and the district judge must review de novo any properly objected-to portions.

Federal Rule of Civil Procedure 72(a) governs objections to non-dispositive magistrate judge orders. A party may object within fourteen days, and the district judge must modify or set aside any part of the order that is clearly erroneous or contrary to law.

Under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, a magistrate judge may conduct civil proceedings and enter final judgment only with the consent of all parties. Morron and Kalish's counsel's willingness to consent was not sufficient because Huntington did not consent.

**ARGUMENT**

**This motion is not a merits reconsideration motion; it seeks a limited procedural cure**

This motion does not ask the Court to reconsider the merits of voluntariness, salvage, lien amount, priority, or sale confirmation while the appeal is pending. Morron understands that the filing of a notice of appeal may limit district-court authority over the issues on appeal. That is why Morron proceeds under Rule 62.1 and seeks only a limited indicative ruling and clarification.

The requested relief is procedural: clarify the record, recognize that DE 293 directly affected Morron's asserted salvage-lien and credit-bid rights, and state that the Court would treat, construe, or reissue DE 293 as an R&R if the Eleventh Circuit remands for that limited purpose.

**Morron is aggrieved by DE 293**

DE 293 directly and adversely affected Morron's asserted salvage lien, claimed credit-bid rights, and claimed interest in the vessel/res or substitute proceeds.

Morron asserted a maritime salvage lien against the vessel and sought credit-bid or equivalent protective relief tied to that claimed lien. DE 293 rejected the basis for that relief and allowed the sale process to continue without protection of Morron's claimed maritime interest.

That is concrete aggrievement. Morron is not appealing because she merely participated in the case. She is aggrieved because DE 293 functionally rejected the specific maritime lien and credit-bid rights she asserted against the vessel/res.

DE 294 further confirms the practical injury. Morron immediately sought district-court protection before the sale, including a stay or substitute bond/cash security to protect her asserted lien. DE 295 denied that protection as moot. The sale then proceeded without Rule 72 review or substitute security.

**DE 293 was functionally dispositive as to Morron's asserted salvage-lien and credit-bid rights**

DE 293 did more than manage discovery, scheduling, or ordinary pretrial procedure. As applied to Morron, it rejected the asserted salvage-lien theory upon which her credit-bid request depended and prevented her from protecting the claimed lien before the vessel sale.

A ruling that effectively denies a claimed maritime lienholder the ability to protect that lien in the sale of the res is not an ordinary non-dispositive pretrial order. It determines substantive admiralty rights or, at minimum, functionally disposes of the claimant's asserted property-based remedy.

The transcript confirms this understanding. The courtroom deputy expressly distinguished the two matters at the April 14 hearing: "The motion to compel is in order. The credit bid is an R and R." Apr. 14, 2026 Hr'g Tr. 88:13–14. See Exhibit A.

Because the credit-bid issue was functionally dispositive of Morron's asserted lien-protection rights at the sale, it should have proceeded by R&R under § 636(b)(1)(B) and Rule 72(b).

**Unanimous § 636(c) consent did not exist**

Although Morron expressed willingness to consent to magistrate judge disposition, Huntington did not consent. Section 636(c) and Rule 73 require consent of all parties before a magistrate judge may conduct civil proceedings and enter final judgment directly appealable as a magistrate judge judgment. Morron's willingness could not confer § 636(c) authority where Huntington withheld consent.

Accordingly, DE 293 cannot be treated as a final appealable magistrate judge judgment under § 636(c)(3).

**Treating or reissuing DE 293 as an R&R is the narrowest procedural cure**

The narrowest cure is not to relitigate the merits now. The narrowest cure is to restore the procedural path the April 14 transcript indicated would apply: R&R, objections, and de novo district-judge review.

If the Eleventh Circuit remands for this limited purpose, this Court can treat, construe, or reissue DE 293 as a Report and Recommendation as to Morron's asserted salvage-lien and credit-bid rights. Morron can then file Rule 72(b) objections within fourteen days, or this Court can deem her existing filings sufficient to preserve her objections and conduct de novo review.

This procedure would cure the precise defect now identified by the Eleventh Circuit without requiring immediate merits reconsideration outside the proper jurisdictional framework.

**Alternatively, if DE 293 is non-dispositive, Morron's notice of appeal should be construed as a timely Rule 72(a) request for review**

If this Court concludes that DE 293 was non-dispositive, Morron respectfully requests that the Court construe her April 21, 2026 notice of appeal and related filings as a timely request for district-judge review under Rule 72(a).

Morron filed her notice of appeal four days after DE 293, well within the fourteen-day Rule 72(a) period. She is pro se. Her notice clearly identified DE 293 and challenged the determination that her salvage efforts were non-voluntary and that her corresponding salvage-lien and credit-bid rights were denied.

If the defect is that Morron sought review in the wrong federal court first, the proper cure is to treat the timely notice as invoking district-judge review, not to forfeit review of the order altogether.

**The post-sale bond and confirmation sequence confirms the need for limited Rule 72 treatment**

Before the sale, Morron asked for a stay or substitute security from Huntington to protect her asserted lien. That request was denied as moot.

After the sale proceeded, the Court contemplated staying confirmation only if Morron posted a $550,001.10 bond. This shifted the burden of protection to Morron after she had already been denied the pre-sale substitute security she requested from Huntington.

Then Huntington argued that Morron's appeal was likely defective because she had not obtained Rule 72 review from the district judge, while simultaneously seeking confirmation to itself by credit bid after the high bidder paid nothing.

That sequence demonstrates why a limited Rule 72 cure is necessary. Morron was deprived of the R&R process before the sale, denied substitute security as moot, unable to obtain post-sale stay protection without posting a bond she could not practically obtain from a bondsman pro se, and then faulted for appealing without district-judge review.

This motion seeks to cure that procedural trap.

**REQUEST FOR EXPEDITED TREATMENT**

Expedited treatment is warranted because the Eleventh Circuit issued jurisdictional questions on June 8, 2026 and required a response within fourteen days.

A limited ruling from this Court would materially assist the Eleventh Circuit by clarifying whether DE 293 should be treated as an R&R, whether Morron was aggrieved by DE 293, whether unanimous § 636(c) consent existed, and whether this Court would grant limited Rule 72 treatment if the Eleventh Circuit remands.

Morron respectfully requests a ruling as soon as practicable.

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, and to the extent conferral is required, Morron certifies as follows.

The Court previously waived the Local Rule 7.1 conferral requirement for filings between the Bank and Morron. See DE 255. Morron has sought and received no objections from Defendant's counsel, and nevertheless served or will serve this motion by email on counsel of record for Plaintiff Huntington National Bank and Defendant Stanley Kalish.

Because the Eleventh Circuit deadline is imminent, Morron respectfully files this motion on an expedited basis.

**CONCLUSION**

For the foregoing reasons, Non-Party/Salvage Lien Claimant Danielle Morron respectfully requests that this Court enter a limited order:

1. clarifying that DE 293 directly and adversely affected Morron's asserted salvage lien, claimed credit-bid rights, and claimed interest in the vessel/res or substitute proceeds;

2. clarifying that Morron is an aggrieved person with respect to DE 293;

3. clarifying that unanimous consent under 28 U.S.C. § 636(c) and Rule 73 did not exist because Huntington did not consent;

4. stating under Rule 62.1 that this motion raises a substantial issue and/or that the Court would grant limited procedural relief if the Eleventh Circuit remands;

5. stating that, upon limited remand, the Court would treat, construe, or reissue DE 293 as a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and Rule 72(b);

6. allowing Morron fourteen days to file Rule 72(b) objections, or alternatively deeming Morron's existing filings sufficient to preserve her objections;

7. alternatively, if DE 293 is treated as non-dispositive, construing Morron's April 21, 2026 notice of appeal and related filings as a timely request for district-judge review under Rule 72(a); and

8. granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Danielle Morron
Danielle Morron, pro se
Non-Party / Salvage Lien Claimant
3401 SW Sawgrass Villas Dr., 11-C
Palm City, FL 34990
dmopallc@outlook.com
786-631-2495
Date: June 15, 2026

# EXHIBIT A

**THE COURT:** All right. Thank you, Ms. Morron.

Anything to add, Mr. Buis?

**MR. BUIS:** No, Your Honor. We're just mostly going to rely on the pleadings. Well, on my response. You know, we don't think it was voluntary because of the relationship between Ms. Morron and the boat and Dr. Kalish, and an element fails of the salvage lien.

**THE COURT:** All right. Understood.

All right. Thank you all. We'll get a R and R, Heath, or order on this. We'll get a disposition out quick.

**THE COURTROOM DEPUTY:** I believe this is an R and R.

**THE COURT:** I think it's an R and R.

**THE COURTROOM DEPUTY:** The motion to compel is in order. The credit bid is an R and R.

**THE COURT:** All right. We'll probably do them separately, though, then.

Thank you for your presentations, and we'll get dispositions out quickly. Have a good week.

**MR. ZEHER:** Thanks, Judge.

**MR. BUIS:** Thank you.

**MR. ZEHER:** Just for timeline purposes, the auction is set for the 21st on the courthouse steps.

**THE COURT:** April 21st?

**MR. ZEHER:** Yep.

**THE COURT:** Quick timeline.

PROPOSED ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

HUNTINGTON NATIONAL BANK,

Plaintiff,

v. Case No. 0:25-cv-61018-WPD

M/Y SOMETHING ABOUT MERI, et al.,

Defendants.

_____/

**ORDER GRANTING IN PART NON-PARTY/SALVAGE LIEN CLAIMANT DANIELLE MORRON'S EXPEDITED MOTION FOR LIMITED INDICATIVE RULING, CLARIFICATION, AND RULE 72 TREATMENT OF DE 293**

THIS CAUSE comes before the Court on Non-Party/Salvage Lien Claimant Danielle Morron's

Expedited Motion for Limited Indicative Ruling, Clarification, Rule 72 Treatment of DE 293,

and Incorporated Memorandum of Law.

Upon review, the motion is GRANTED IN PART.

The Court clarifies that DE 293 directly affected Morron's asserted salvage lien, claimed credit-

bid rights, and claimed interest in the vessel/res or any substitute proceeds.

The Court further clarifies that Morron is aggrieved by DE 293 because the order directly and

adversely affected the maritime lien and credit-bid rights she asserted against the vessel/res.

The Court further clarifies that unanimous consent under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 did not exist.

The Court further clarifies that, as applied to Morron's asserted salvage-lien and credit-bid rights, DE 293 was functionally dispositive and should be treated, construed, or reissued as a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Because an appeal is pending, the Court proceeds under Federal Rule of Civil Procedure 62.1. The Court states that the motion raises a substantial issue. If the Eleventh Circuit remands for this limited purpose, the Court would treat, construe, or reissue DE 293 as a Report and Recommendation and permit Morron to file objections within fourteen days. The Court would then conduct de novo review of any properly objected-to portions.

In the alternative, if DE 293 is treated as a non-dispositive order under 28 U.S.C. § 636(b)(1)(A), the Court would construe Morron's April 21, 2026 notice of appeal and related filings as a timely request for district-judge review under Rule 72(a).

DONE AND ORDERED in Fort Lauderdale, Florida, this ___ day of _____, 2026.

_____

WILLIAM P. DIMITROULEAS

UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I certify that on June 15, 2026, I served a true and correct copy of the foregoing by email on counsel of record for Plaintiff Huntington National Bank and Defendant Stanley Kalish.

Because I am a pro se non-party filer without CM/ECF filing access, I will also mail the original wet-signature filing to the Clerk of Court for docketing.

**/s/ Danielle Morron**

Danielle Morron